· Ellison *v.* Tallon.

## Ellison v. Tallon.

ATTACHMENT: *Affidavit.* An affidavit for an attachment is sufficient if it be in the words of the statute, and does not set forth the facts on which the allegations thereof are based.

———: *Preponderance of proof* must be in favor of the party suing out the attachment, when affidavits are filed to disprove the charge made in that on which the order issued.

MASON, Ch. J.

This is a petition in error to reverse the judgment of the District Court of Douglas County. The allegations of error extend to the action of the Court in discharging an order of attachment obtained by the plaintiff. The affidavit for the attachment was alleged to be insufficient; and at the same time the truth of the charge was denied, and counter-affidavits of the defendant and others were read in evidence. The plaintiff also offered and read additional affidavits. The causes assigned in the affidavit filed for attachment were: *First*, That the defendant fraudulently contracted the debt upon which the suit was brought. *Second*, That he had fraudulently disposed of his property, or a part thereof, with the intent to defraud his creditors. These are two of the grounds mentioned in the statute, and in its exact language. The objection, that the facts and circumstances are not set forth in the affidavit upon which the affiant bases his claim for an attachment, was fully considered in the case of *Harrison & Wiley* v. *King & Hurd*, 9 *Ohio State*, 388: and it was there held, that an affidavit in the language of the statute was sufficient;

ELLISON v. TALLON.

although the ground stated involved a charge of intent to defraud, and no facts or circumstances were set forth. It appears from an examination of title 8, chap. i., Arrest and Bail of the Code, that very similar grounds are stated for the arrest of a defendant, and for an attachment. But, to obtain an order for arrest of a defendant, it is added, that the affidavit shall also contain a statement of the facts claimed to justify the belief in the existence of one or more of the causes assigned for the arrest. One would naturally conclude that what was so expressly required in the one case would not be necessary in the other. If it were necessary, it might be asked why the legislature, in title 8, chap. i., Arrest and Bail, was so careful to require it, and in chap. iii., same title, was so careful to omit it. And we believe the uniform practice since the Code, in ordinary actions, has been to state the grounds for an attachment in the language of the statute. With this practice we are not disposed to interfere. See *Hoekspringer* v. *Ballenberry*, 16 *Ohio*, 304; *Harrison & Wiley* v. *King & Hurd*, 9 *Ohio State*, 388.

We have examined the affidavits as to the truth of the charges as grounds for the attachment. If the statutory cause for attachment be charged in the affidavit, and denied by the affidavit of defendant, and nothing appear to authorize greater credit to be given to the statements of the plaintiff than to those of the defendant, the attachment ought to be discharged. When the charge is made and denied, the burden of proof is thrown on the plaintiff; and he ought to satisfy the Court that the charge he has made is well founded. In this case we think the preponderance of proof is clearly with the defendant, and against the truth of the charge made for obtaining the attachment.

The Court below was right in discharging order of

ELLISON *v.* TALLON.

attachment, and its judgment must be affirmed, with costs.

Judgment affirmed.

*T. W. T. Richards*, for plaintiff in error.

*G. W. Doane*, for defendant in error.