HAMDEN A. OLMSTEAD, PLAINTIFF IN ERROR, V. JOHN D. RIVERS, DEFENDANT IN ERROR.

1. **Practice:** ATTACHMENT: DISSOLUTION. The failure of the plaintiff to attach a copy of the instrument on which the action is brought to the petition is not a good ground for dissolving an attachment. Such omission can be taken advantage of *only* by a proper motion, directed against the petition itself, to require a copy to be given.

2. ———: MERITS OF THE ALLEGED INDEBTEDNESS NOT QUESTIONABLE ON MOTION TO DISSOLVE. Where the petition states a good cause of action, the merits of the demand cannot be questioned on a motion to dissolve an attachment issued in the case.

3. ———: ———: UNDERTAKING IN ATTACHMENT. In case of an attachment against a non-resident defendant no undertaking is required. In such case the statute expressly authorizes the order to be issued without giving an undertaking, and this provision invades no constitutional privilege of such defendant.

THIS was a petition in error to reverse an order of the district court, GASLIN, J., presiding, for Adams county, dissolving an attachment issued in the action.

*R. A. Batty,* for plaintiff in error.

No counsel for defendant in error, but by leave of court *J. H. Broady* filed a brief containing substantially the same argument made by him in *Marsh v. Steele, ante* p. 96.

LAKE, J.

The dissolution of the attachment is the only matter alleged for error. The grounds of the motion to dissolve, and which the court sustained, were as follows:

*First.* That no copy of the bond or instrument on which the action was founded was "attached to the pe-

tition." This omission was not at all prejudicial to the attachment proceedings, which were collateral and merely auxiliary to the action proper. The only object of the attachment was to secure funds with which to satisfy the anticipated judgment if it should be finally obtained. The failure to attach a copy of the instrument sued on can be taken advantage of only by a proper motion directed against the petition itself.

*Second.* That the order of attachment issued without a bond or undertaking having been executed to the defendant. On this point, while it is not claimed that any of the requirements of our own statutes on the subject have been disregarded, it seems to be thought that, in issuing the order without such undertaking, some fundamental right of the defendant, as guaranteed by the first clause of sec. 2, art. IV, of the federal constitution, has been trampled upon. This clause of the constitution declares that " The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

This clause of the constitution has been held by high authority to refer solely to those privileges and immunities which are in their nature fundamental; which belong of right to the citizens of all free governments; and which have at all times been enjoyed by the citizens of the several states which compose the federal union. *Corfield v. Coryall,* 4 W. C. C., 380. But it does not embrace privileges conferred by the local laws of a state. *Conner v. Elliott,* 18 How., 591. Such being the nature of the privileges covered by this provision, we fail to see the propriety of an appeal to it as against the rule of our statutes, which makes a distinction between non-resident and other defendants in the matter of attachment bonds. Section 200 of our code of civil procedure provides that " where the ground of the attachment is, that the defendant is a foreign cor-

poration, or a non-resident of the state, the order of attachment may be issued without an undertaking. In all other cases the order of attachment shall not be issued by the clerk until there has been executed in his office by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking, not exceeding double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment if the order be wrongfully obtained." Gen. Stat., 557.

It will be noticed that no reference is here made to the matter of permanent abode. It is with non-resident defendants generally, whether they be *citizens* permanently domiciled in the state or not, that the statute deals. If a defendant be actually residing in this state when the attachment issues, even although his permanent legal domicile be elsewhere, he is entitled to the undertaking. It is clear that no constitutional privilege of the defendant has been invaded, and this ground of his motion cannot be sustained. *Marsh v. Steele et al., ante* p. 96.

*Third.* It is further objected in said motion that the claim on which suit was brought was not due at the commencement of the action. This is mere assertion, with no showing to sustain it. The petition sets forth a good cause of action, and whether it be true or false, cannot be inquired of on a motion to dissolve the attachment. That question can be settled only on the trial of the issues under the pleadings. .  .

Several other objections to the attachment are formally stated in the motion, but, like the one last referred to, they relate exclusively to the ultimate ability of the plaintiff to prove his case, and not to any matter that can properly be included in a motion to dissolve the attachment, and it is unnecessary to notice them further.

Being of opinion that this motion ought not to have been sustained, the order of the district court in that behalf is reversed, and the attachment fully re-instated.

ORDER REVERSED.