Hilton v. Ross.

JAMES L. HILTON, PLAINTIFF IN ERROR, V. JOHN C. ROSS
AND OTHERS, DEFENDANTS IN ERROR.

1. **Attachment:** ERROR: UNDERTAKING. The undertaking
provided for by "An act to provide for the retention of attached property pending a review on error," etc. [Gen. Stat.,
715], passed February 17, 1873, not being necessarily a part of
the record of the case, its absence therefrom cannot be taken
as proof that it was not in fact given.

2. ———: ———. Error in discharging an attachment on motion of defendant, whereby costs are wrongfully visited upon
the plaintiff, is not cured by a subsequent final judgment in the
action in favor of the defendant.

3. ———: AFFIDAVIT. An affidavit setting forth the existence of
the grounds of attachment in the words of the statute, unaccompanied by any facts showing them to be true, will support
the writ. But when such affidavit is met by the positive oath
of the defendant in denial, it must be supported by competent
evidence, or the attachment will be dissolved.

4. ———: DELIVERY UNDERTAKING. The giving of a delivery
undertaking, as provided in sec. 206 of the code of civil procedure, neither has the effect of dissolving the attachment nor
of preventing the defendant from afterwards moving its dissolution as to the whole or a part of the property attached, which
he may do at any time before final judgment in the action.

NOTE.—In support of the third point of syllabus, see also *Ellison
v. Tallon*, 2 Neb., 15. *Tallon v. Ellison*, 3 Neb., 73. But in an
application for the allowance of an attachment on a claim not due
the language of the code should not only be repeated, but the affidavit should also contain a statement of the facts and circumstances,
such as ordinarily disclose the intent, purpose, or effect in the disposition of the property as injurious to the rights of creditors. *Siedentoff v. Annabil*, 6 Neb., 54. The affidavit may be amended, even
after a motion to quash the proceedings has been filed, because of
that particular defect. *Struthers v. McDowell*, 5 Neb., 491. The
want of a venue is fatal unless cured by amendment, but to be made
available the motion to dissolve in such case must be made before
final judgment in the action. *Rudolf v. McDonald*, 6 Neb., 163.—
REP.

ERROR to the district court of Buffalo county. Heard below before GASLIN, J. The opinion states the case.

*Hamer & Conner*, for plaintiff in error.

*E. C. Calkins* and *Sam. L. Savidge*, for defendants in error.

LAKE, J.

This is a proceeding in error to reverse the order of the district court for Buffalo county discharging an attachment of personal property.

A preliminary motion is interposed by the defendant in error, to dismiss the case upon two grounds:

1st. Because " the plaintiff in error has failed to give the undertaking required by an act entitled, 'An act to provide for the retention of attached property pending a review on error of an order discharging the attachment,'" passed and took effect February 17th, 1873. Gen. Stat., 715.

2d. " That the original action in which the attachment mentioned in this cause was issued has proceeded to final judgment in favor of said defendant."

As to the *first* ground of the motion, it may be answered that we have nothing before us to show that the undertaking required by this very crudely expressed statute was not given. In the first section it is provided that the plaintiff in error " shall give an undertaking to the adverse party, with surety or sureties to be approved by the court in double the amount of the appraised value of the property attached, conditioned to pay said adverse party all damages sustained by such party in consequence of the filing of said petition in error, in the event that such order of attach-

ment shall be discharged by the court in which said petition in error shall be filed, as having been unlawfully obtained."

Although it is by no means so clear as it might have been made, it was, we think, the intention of the legislature to have the undertaking approved by the court whose judgment it is sought to have reversed, and then deposited with the clerk thereof. Be that as it may, however, it is clear that the undertaking, not being necessarily a part of the record of the case, its absence therefrom is of no particular significance, and cannot be taken as proof that it was not in fact given. Of this matter the official certificate of the proper clerk would be the proper evidence. Therefore, as there is no evidence before us that the proper undertaking was not in fact given, it is unnecessary to decide what the result of a failure to give it would be.

As to the second point we answer that, if the order of attachment, having been properly issued, were erroneously discharged on motion of the defendants, whereby costs were wrongfully visited upon the plaintiff, the error is not cured by the fact of a final judgment being since rendered which would have dissolved the attachment, had it been continued to that time. If it were properly issued, it was the plaintiff's right to have the attachment stand until final judgment in the action, unless sooner discharged by giving of the undertaking to "perform the judgment of the court," as provided in section 219 of the code of civil procedure. Gen. Stat., 560. While a final judgment in the action, in favor of the defendants, terminates the proceedings in attachment in their favor, it does not have the effect of curing all previous errors committed by the court or judge, respecting the attached property, prejudicial to the plaintiff. The motion to dismiss the petition in error must therefore be overruled.

But was there error in the ruling of the court on the motion to dissolve the attachment? We think not most clearly. The affidavit on which the attachment issued set forth, substantially in the words of the statute, the fifth, sixth, eighth, and ninth causes mentioned in section 198 of the code of civil procedure (Gen Stat., 556) as grounds for which a plaintiff may " have an attachment against the property of the defendant." But no facts or circumstances were given showing, or even tending to show, the actual existence of any one of these grounds. While an affidavit of this description, acquiesced in, will sustain an attachment, it is not sufficient for this purpose when met by the positive oath of the defendant in denial, but must itself be supported by competent proof, or the attachment will be discharged. *Coston v. Paige*, 9 Ohio State, 397. *Emmit v. Yeigh*, 12 Ohio State, 335. *Ellison v. Tallon*, 2 Neb., 14. *Tallon v. Ellison*, 3 Neb., 73.

Here, however, we have, in addition to a positive denial of the truth of the plaintiff's affidavit, a very conclusive showing of facts and circumstances establishing its falsity as to all of the statutory grounds for the attachment recited therein.

But the hope of a reversal seems to rest, not so much upon the strength of the plaintiff's case, as upon what is supposed by counsel to constitute an estoppel of all inquiry concerning the validity of the attachment proceedings prior to the levy of the order. It is claimed here, and was in the court below, that the sheriff, in executing the order of attachment, took from the defendants what is known as a delivery undertaking according to section 206 of the code, "that the property, or the appraised value thereof in money, should be forthcoming to answer the judgment of the court in the action;" and that thereupon the goods were left in possession of the persons where found. Gen. Stat.,

558. That this claim accords fully with the facts as they actually transpired is established beyond all controversy, if we were permitted to look beyond the sheriff's return to ascertain just what he did under the writ. But, in the consideration of this matter, we must take the return of the officer as conclusive; and in this, not only is no mention made of the said undertaking, but the sheriff expressly says: "I now have the property mentioned in the above inventory and appraisement in my possession." There is no doubt whatever of the falsity of this part of the return, for it is shown by several affidavits, among them that of the sheriff himself, giving a copy thereof, showing that the undertaking was accepted, and the goods left with the defendants, who continued thereafter to dispose of them as they had done before the levy was made.

But even if these facts were embodied in the return, as they clearly should have been under section 211 of the code (Gen. Stat., 559), still they could not have the effect contended for by plaintiff's counsel, for the giving of such an undertaking neither has the effect of dissolving the attachment nor of preventing the defendant from afterwards moving its dissolution, as a moment's attention to the statute will show. Indeed, one of the provisions of the undertaking is, that the property shall be forthcoming, to be disposed of in satisfaction of the claim for which the attachment was made. Again, section 229 of the code declares that "the court may compel the delivery to the sheriff, for sale, of any of the attached property for which an undertaking may have been given, and may proceed summarily, on such undertaking, to enforce the delivery of the property," etc. And section 230 is of similar import. Gen. Stat., 562.

Speaking of a statute very similar to ours on this subject, the supreme court of Missouri say that, "it

was not intended to divest the lien of the creditor, but was intended chiefly to save expense to the parties, and had in view only such property as could be used without impairing its value." *Evans v. King*, 7 Mo., 411. So, too, the supreme court of Ohio, in *Rutledge v. Corbin*, 10 Ohio State, 478, in construing a statute from which ours was copied, say : " The party to whom the sheriff so re-delivers it thereby receives and holds it as the bailee of the sheriff, and the property is still in contemplation of law in the possession of the sheriff, so far as subsequent attaching creditors are concerned."

And we think it equally clear that, by giving the undertaking, notwithstanding which, as we have shown, the attached property is liable at any time to be retaken by the sheriff, by order of the court, the defendant did not estop himself from questioning the validity of the seizure. The time within which a motion to discharge the attachment may be filed seems to co-exist with it, up to the rendition of final judgment in the action. *Rudolf v. McDonald*, 6 Neb., 163. Thus it is provided in section 235 of the code that: "The defendant may, *at any time before judgment*, upon reasonable notice to the plaintiff, move to discharge the attachment as to the whole or a part of the property attached." Gen. Stat., 563. And this right may be exercised, whether the property be in the actual possession of the officer or has been released, and is subject to the order of the court under such undertaking in the hands of the defendant, or in the hands of a third person as garnishee. Seney's Code, 308. Note 1 to sec. 212, Ohio Code.

Such being our views of the questions presented, the order of the district court must be affirmed.

ORDER AFFIRMED.