LEWIS TESSIER, PLAINTIFF IN ERROR, V. A. CROWLEY, DEFENDANT IN ERROR.

1. **Attachment**: UNDERTAKING. An undertaking in attachment, signed by the attachment plaintiff as principal and a firm or partnership as surety, is *prima facie* good. COBB, CH. J., dissents.

Tessier v. Crowley.

2. ——: BOND: SURETIES. Under the provisions of section four-
    teen, page 73, of the Compiled Statutes, an attorney-at-law
    should not be allowed by the clerk to become surety upon an
    attachment undertaking. But if the clerk, in violation of such
    statute, approves such undertaking, the surety is bound thereby,
    and the undertaking will be held good upon a motion to dis-
    charge an attachment, for the reason that "no undertaking has
    • been filed as required by law."

REHEARING of case reported 16 Neb., 369.

*T. D. Cobbey, W. H. Ashby,* and *J. E. Cobbey,* for plain-
tiff in error.

*Hazlett & Bates,* for defendant in error.

REESE, J.

A decision was made in this cause at the last term of this
court. In the opinion written by Chief Justice Cobb all
the questions presented, except one, were passed upon.    16
Neb., 369. S. C.    20 N. W. Rep., 264. The question thus
omitted was as to the sufficiency of the attachment under-
taking. The undertaking was overlooked, and supposed
not to be in the record. Upon a motion for rehearing
being filed, the undertaking was found and a rehearing
granted upon the one question presented by the motion to
discharge the attachment, for the reason that "no under-
taking has been filed as required by law." The undertak-
ing was signed by the plaintiff below by his attorneys, and
by Colby & Hazlett as sureties, the signatures being in
this form:

"V. A. CROWLEY,
" *By Colby & Hazlett, his Att'ys.*
"COLBY & HAZLETT."

The contention by plaintiff in error is that the under-
taking is defective for two reasons: *First.* Because the
surety is a firm, and not an individual. This objection is

Tessier v. Crowley.

founded principally upon section twenty-six of the civil code, which requires that a company suing in its partnership name shall give security for costs. It is urged that as a firm or company suing in its partnership name must give security for costs before it can maintain an action, therefore such firm or company cannot be sufficient sureties upon attachment bond. We do not think this conclusion necessarily follows. It cannot be claimed that the reason for the law is that companies or partnerships are not responsible, and must for that reason give the security required. The evident purpose of the legislature in adopting the provision was that costs should be readily and speedily collected, without the necessity of any further litigation in order to make a judgment for costs available. An attachment undertaking is for an entirely different purpose—that purpose being to indemnify the attachment defendant against loss or damage growing out of the wrongful suing out of the attachment. If the surety offered is sufficient for this purpose the object of the law is met. We cannot here inquire whether or not the member of the firm signing the partnership name had authority so to do. That question was not presented to the district court. No proofs upon that proposition were offered and no such want of authority was shown. *Second.* Because the undertaking was signed by Colby & Hazlett as sureties, and that they were practicing attorneys. Upon this point plaintiff in error relies upon section 14, chap. 10, of the Compiled Statutes, which provides that " no practicing attorney shall be taken as surety on any official bond or bonds in any legal proceedings in the district in which he may reside." There is no doubt but that, had the clerk declined to approve the undertaking, he could not have been compelled to do so even though the sureties offered were amply good, financially, and the surety sufficient to fully indemnify the plaintiff in error against loss or damage. But the sureties were offered and were acceptable to the approving officer.

14

It is conceded by plaintiff in error that an attorney cannot plead his own wrong and thus avoid his liability; that if he signs such an undertaking in the face of the law he is bound thereby, but might be proceeded against for contempt and punished therefor. We admit that the acceptance of such bonds is of very questionable policy; that attorneys should not sign them, nor clerks approve them when thus signed; but we cannot hold that the district court erred in overruling the motion to vacate the attachment because "no undertaking had been filed as required by law." An undertaking had been filed. If the sureties were deemed insufficient, or consisted of persons not competent under the laws, that fact should have been presented by the motion. For aught that is shown by the record the propositions contended for in this court were not mentioned in the court below.

The law is well settled, both in England and this country, that while attorneys are prohibited from signing such undertakings, yet if they do sign them they are bound thereby. The law prohibiting such signing is based upon considerations of sound public policy. An attorney should never allow himself to be placed in the attitude of encouraging litigation. Nor should he allow himself to become personally interested in the cause of his client by assuming any personal liability. When he does become thus interested a strong inducement is offered to seek and take unjust and unfair advantage of the opposite side without reference to the justice of his cause. The law is also for his protection. When interested in behalf of a client whose cause he believes to be just, he is liable, unless restrained by a due and proper respect for the law, to assume liabilities which may become very embarrassing to him. The law very properly admonishes him to avoid such liabilities. Weeks on Attorneys, § 119, and cases there cited.

But considerations of public policy again say that if an attorney does sign such obligations he is bound by his

contract the same as any other person, and when he pro-
cures the approval thereof by the proper officer, he cannot
afterward plead his privilege. Id. *Wallace v. Scoles*, 6
Ohio, 429.

The district court did not err in overruling the motion
to discharge the attachment, and its decision is therefore
affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurs.

COBB, CH. J.

I dissent on the proposition first discussed in the opin-
ion. I think the undertaking is void, the surety not being
a natural person.