GRACE REED ET. AL., PLAINTIFFS IN ERROR, v. LUTHER B. MABEN, DEFENDANT IN ERROR.

1. **Attachment:** GENERAL RULE. Attachment, although an ancillary remedy, and applicable to a limited class of cases, yet within its limits rests upon its own facts, and not upon the facts of the action.

2. ———: CASE STATED. R. J. & Co. sued M. in the county court and obtained an order of attachment. On motion and hearing the attachment was dissolved. Upon the trial the defendant obtained judgment. Upon error in the district court the judgment dissolving the attachment was reversed, and upon appeal and re-trial of the action in the district court, at a subsequent term, the plaintiff obtained judgment. But the court made a special finding, that at the date of the commencement of the action the debt sued on was not due, and thereupon dissolved the attachment; *Held*, Error and reversed.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*Groff, Montgomery & Jeffrey* and *Uttley & Small*, for plaintiffs in error.

*M. P. Kinkaid*, for defendant in error.

COBB, J.

This cause arises upon a petition and proceeding in error by the plaintiffs in error to the district court of Holt county,

upon the alleged errors of said court in a certain attachment proceeding lately pending therein, in which they were plaintiffs and the defendant in error was defendant.

It appears from the record that the plaintiffs commenced an action against the defendant in the county court, for a certain bill of goods sold and delivered by them to him, and caused an order of attachment to be issued therein, and attached certain chattels of the defendant. The defendant answered to the merits, and also contested the attachment by motion. Upon the trial, judgment was rendered for the defendant, and upon the hearing of the motion the same was sustained and the attachment discharged. The judgment on the merits of the case was taken to the district court of said county by appeal, and the order discharging the attachment was also taken to that court by proceeding in error.

It appears from the manner in which the transcript is made up and presented to this court, that in the district court the matter of error was first heard. I here transcribe the journal entry, showing the action of the court thereon: "Now on this 19th day of May, 1885, this cause coming on for hearing, upon the motion of the defendant to strike the evidence from the files, for the reason that there was no bill of exceptions preserved as required by law, and the court after hearing the arguments of counsel and being fully advised in the premises, does overrule the motion. * * * Thereupon, on this day, this cause came on for hearing upon the petition in error and the evidence in the case, and the court, after hearing the arguments of counsel and being fully advised in the premises, does find as follows:

"1. The court erred in discharging the attachment issued in said action upon the testimony in the record.

"It is therefore considered by the court that the judgment and order of the county court discharging the attachment issued in said action from the property attached therein, be

and the same is hereby reversed, and the attachment re-instated to all the property attached therein, and the costs taxed to the defendant in error," etc.

The case on appeal in the district court does not appear to have been disposed of at the same time or term with the above proceedings, as amended pleadings are shown to have been filed in the case as late as December 16th of the same year; and at some time not shown in the journal entries, the cause came on for trial on the amended petition and answer thereto, presumably to the court, "and" continues the journal entry, "the court being fully advised in the premises, finds that at the time of the commencement of this action the   *   *   *   cause of action in this case was not due, and that no cause of action existed in favor of plaintiffs against defendant at the time of the commencement of this action.   And the court further finds that since the commencement of this action, and during the pendency thereof, the account described in the amended petition has matured, and there is now due to the plaintiffs on the cause of action in their amended petition this day filed, the sum of $270.78, and that plaintiffs should recover on said cause of action.   Wherefore it is considered by the court that the plaintiffs, Reed, Jones & Co., have and recover of and from the defendant, L. B. Maben, the sum of $270.78, and that this judgment bear interest at the rate of 7 per cent per annum, and that defendant recover his costs herein expended, and that plaintiff recover no costs in this action."

It further appears that thereupon the plaintiffs moved the court for an order for the sale of the attached property, as upon execution to satisfy the judgment, which motion was by the court denied,   *   *   *   "and" continues the record, "the court further orders that the order of attachment in this case be discharged."

It appears that again on the 17th day of February, 1886, the plaintiffs moved the court "to correct the judgment

heretofore rendered in this cause by striking out the judgment and order of the court made at the December, 1885, term, discharging the attachment issued in the case, and strike said order from the records, and allow the matter of attachment to stand upon the original order made in this case at the May, 1885, term," etc., which motion was denied. Thereupon the cause is brought to this court on error by the plaintiffs, who assign the following errors:

"1. The court erred in its judgment rendered herein on the 16th day of December, 1885, in overruling the plaintiffs' motion, for an order for the sale of the attached property.

"2. The court erred in its said judgment in ordering that the attachment in this cause be discharged.

"3. The court erred in its judgment rendered herein on the 17th day of February, 1886, in overruling the motion of the plaintiff to strike from the former judgment of the court the portion thereof discharging the attachment in the cause."

Before considering the points presented by this case, let us see what is not presented. In the first place, the judgment of the district court on the proceeding in error to the county court is not presented. That judgment was favorable to the plaintiffs and unfavorable to defendant. He took an exception to it in that court, but he does not bring it here for review. None of the papers upon which the attachment was attacked and dissolved in the county court, and upon which the judgment of that court was reviewed and reversed in the district court, are brought up in the record before us. The important and difficult question whether the order of the county court, dissolving the attachment, could properly be brought up on error to the district court simultaneously with the bringing of the whole case before that court by appeal, is not presented by the record before us. The order of the district court, allowing the plaintiffs to amend their petition, and, as claimed by counsel

for defendant at the argument, allowing plaintiffs to present a different issue in the district court from that upon which the cause was tried in the county court, is not before us. And finally, the general judgment of the district court in favor of the plaintiffs is not presented to this court for review in this proceeding in error.

The only questions, then, now before us for review are those directly arising upon the refusal of the district court to order the sale of the attached property and its order dissolving the attachment.

Attachment is a proceeding ancillary to the main action, in which it is allowed. If the main action is attacked and overthrown the attachment goes with it. On the other hand, it often happens that while the cause of action is lawful and just, the ground of attachment is mistaken or false; hence judgment must be rendered for the plaintiff on the merits, but the attachment must be dissolved. As a matter of practice, however, if no ground of attachment exists, or the order has been issued without the proper affidavit or bond, as required by statute, the attention of the court must be called thereto, in some appropriate manner, and the question of sufficiency settled before the final judgment in the case. The sole object of an attachment is, that the property of the debtor may be taken into the custody of law and preserved, so that it may be applied to the payment of the judgment of the plaintiff when obtained. It therefore follows that, when this proceeding has answered its purpose, it would be idle to go back and inquire into its sufficiency.

Under the system of practice which formerly prevailed in some of the states, where actions were commenced by attachment, it has been held that, when upon the final trial it appeared from the pleadings or evidence in the case, it was one not proper to be commenced by attachment, the cause would be dismissed. See *Elliott v. Jackson,* 3 Wis., 649. But this rule is not applicable to our present system of practice, where, as above stated, the order of attach-

Reed v. Maben.

ment is an ancillary proceeding. But even were it otherwise, in the case at bar the action was for goods, wares, and merchandise, sold and delivered, one in which the ancillary or collateral remedy by attachment is clearly admissible, upon the proper steps being taken. That such steps were taken must be presumed from the judgment of the district court upon the direct attack made upon the attachment in the county court, and brought into the former court by proceedings in error. Whether the price of such goods, wares, and merchandise was not due at the date of the commencement of the action, as found by the court, or what effect such fact or finding should have had upon the judgment of the court, are questions which, as before stated, are not before the court, and upon which I express no opinion; but certain it is, if the plaintiffs were entitled to prosecute their action to final and successful judgment, they were also entitled to whatever security they could derive through the ancillary remedy of attachment; dependent, of course, upon the existence of the facts upon which an attachment may issue under the provisions of the statute, and their pursuit of the statutory means for making such remedy available.

It seems evident that the action of the district court in refusing the order for the sale of the attached property, and in dissolving the attachment, was based upon its finding that the debt sued on was not due at the time of the commencement of the action, and not upon fact or deficiency applicable to the attachment proceedings, and accordingly, as we have seen, it cannot be upheld.

The judgment of the district court in denying the order for the sale of the attached property as upon execution, and in dissolving the attachment, is reversed, the attachment restored, and the attached property ordered to be sold as upon execution.

JUDGMENT ACCORDINGLY.

THE other judges concur.