MAX MEYER ET AL. v. F. B. EVANS.

[FILED SEPTEMBER 17, 1889.]

Attachment: DISSOLUTION FOR MISJOINDER OF CAUSES. A cause of action in a petition upon a debt not fraudulently contracted, if coupled with a cause of action upon a debt which was fraudulently contracted, and an order of attachment covering both counts issued upon an affidavit alleging that "said defendant fraudulently contracted the debt and incurred the obligation for which this suit is brought," *held*, to vitiate such order of attachment and justify its discharge. (*Mayer v. Zingre*, 18 Neb., 458.)

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Charles Ogden*, for plaintiffs in error.

*W. S. Shoemaker*, for defendant in error.

COBB, J.

This cause is brought by Max Meyer and others, plaintiffs in error, to review the judgment of the district court of Douglas county, rendered August 13, 1887, discharging certain attachments against F. B. Evans, defendant in error.

It appears that the plaintiffs were wholesale dealers in Omaha, and the defendant a retail purchaser on credit. On

February 1, 1887, the defendant purchased of plaintiffs a bill of goods amounting to $8.50 on credit, without question or representation of any kind. On February 2, following, he purchased a larger bill amounting to $245.70 on fraudulent representations, it is claimed by plaintiffs and denied by the defendant, and, on the following day, a third bill of $8.50; total, $262.70. One-half of this bill, the firm of Max Meyer and Bro. transferred to Simon J. Fisher, as "the credit man" of the firm, who, on April 4, 1887, sued out an attachment before G. Anderson, a justice of the peace, upon an account for goods sold defendant by Max Meyer & Bro., and assigned to plaintiff, to recover the sum of $131.35, stating upon oath "that the said defendant is about to convert his property into money, for the purpose of placing it beyond the reach of his creditors; has disposed of part of his property with intent to defraud his creditors; fraudulently contracted the debt, or incurred the obligation for which suit is brought."

On the same day Max Meyer & Bro. brought a like action, in the same court, for the same amount, for goods, wares and merchandise sold by plaintiffs to defendant, and upon a like statement under oath, laid an attachment against the defendant. Subsequently in the county court of Douglas county, on May 2, 1887, on motion of defendant to discharge the attachments mentioned, and upon evidence and argument, the court found "that the defendant had fraudulently contracted a portion of the debt for which the attachment had issued; but that a part of said debt, to-wit, $8.45 had been contracted prior to the time that any fraudulent representations had been made, and therefore the attachment could not obtain, and the same was thereafter discharged;" to which exceptions were taken, a bill of exceptions allowed and signed by the county judge, and the cause taken to the district court on the bill of exceptions and the record of the proceedings in error.

In the district court the judgment of the county court

was affirmed with costs, to which the plaintiffs in error duly excepted on the record, and the cause is brought to this court and submitted on the record and briefs of counsel.

As nearly as can be gathered from the record and papers in this case, as well as from the brief of counsel for plaintiffs in error, the defendant was indebted to the firm of Max Meyer & Bro. for goods purchased prior to February 2, 1887, amounting to $8.50, to obtain credit for which, it is admitted, there was no fraudulent representation. On February 2, the defendant purchased goods of the same firm amounting to $245.70, and in answer to inquiries as to his solvency, and for the purpose of enhancing his credit, stated that he was not indebted to any one, and especially that a certain chattel mortgage, known to have been given by him, against his stock in trade, had been arranged. On the day following, he bought of the same firm additional goods, amounting to $8.50, on credit, for which no additional representations were made, but to which the former ones would probably apply. These three debts amounted to $262.70. This sum was equally divided, and one-half sold to Simon J. Fisher, "the credit man" in the employ of the firm, and, in point of fact, the one who had extended the credit of the defendant. Two suits in attachment were then commenced by the separate plaintiffs, and attachments sworn out in each, alleging all the grounds provided by statute; and subsequently they appear to have been entertained and considered in the county court of Douglas county as a single proceeding. By what due process or doubtful method they reached the county court and became merged in a single suit does not appear; and what is also singular, the plaintiff Fisher, who bought into one of the attachments, drops down from that altitude and reappears in the original character of credit man to the firm, and real plaintiffs, Max Meyer & Bro. In the county court, and in this unified condition, the causes were subjected to the motion of the defendant to discharge the attachment on all

24

grounds of traverse; and especially that a portion of the accounts sued on was not contracted under the alleged fraudulent representations of defendant. The question to the court, on this motion, was tried on the affidavits of the parties, and those of employees, bystanders and friends. Simon J. Fisher, one of the original plaintiffs, testified that he was the credit man of Max Meyer & Brother; that on February 2, 1887, he held a conversation with defendant in the plaintiff's store, in Omaha, as to the purchase of watches from the plaintiffs; that affiant asked defendant as to his financial condition, and in reply to the inquiry as to his being in debt, answered that he was not in debt to any person whatever; that there had been a mortgage on his stock, but that that was now all arranged, and that, if the representations of defendant had not been thus made, the plaintiffs would not have allowed him the credit, but, on the contrary, would have refused to sell him the goods; and in extending his credit on that day, and on the next day, the plaintiffs relied wholly on the representations of defendant; also that at the time defendant made such representations he was largely indebted to various persons and firms in the city of Omaha, among them West & Fritscher, the Robinson Notion Company, and Vinyard & Schneider. This evidence was corroborated by Max Meyer and Adolph Meyer, the plaintiffs, and by Arthur J. Smith and Max J. Baehr, their clerks, employed as salesmen in their store.

The grounds of attachment were controverted by the defendant, who denied circumstantially the substance of the plaintiffs' affidavits on which attachments were procured, and denied that on February 2, 1887, when he purchased the bill of goods amounting to $245.70, on credit, or at any other time, or place, he represented that the mortgage on his stock in trade had been settled, or fixed up, or arranged; and denied representing to Simon J. Fisher that he did not owe, or was not in debt to any one; but that, on the

contrary, he represented that the balance due on the mortgage on his stock had been renewed to S. L. Andrews, who assumed the liability to A. W. Cowing & Co. by indorsing defendant's notes to West & Fritscher, successors to A. W. Cowing & Co.; and that his indebtedness to the Notion Company was less than $100, and to Vinyard and Schneider less than $20.

The defendant's affidavit, in some important particulars, was corroborated by those of J. B. West, merchant, of the firm of West & Fritscher, and Nelson J. Edholm, of the firm of Edholm & Aiken. From this evidence, the county court found that the defendant had fraudulently contracted a portion of the debt on which the attachments had been issued, but that another portion, $8.45, was contracted prior to the time that any fraudulent representations had been made by defendant, and therefore the attachment did not obtain, according to law, and was discharged. The district court affirmed this decision.

The case, in this court, presents the same question as that of *Mayer v. Zingre*, 18 Neb., 458, in which the attachment was discharged for want of grounds covering the whole debt. Counsel for plaintiffs in error seek to distinguish it from that case from the fact that that attachment was for $381.20, while the grounds of attachment set up in the affidavit of the plaintiffs, only applied to $51.09 of the debt; and in the case at bar it is argued that out of $262.70, the grounds of attachment found by the county court, and affirmed by the district court, apply to all but $8.45, and counsel claims that this comparatively insignificant item falls within the rule of the maxim *de minimis non curat lex*, "the law takes no notice of extreme trifles."

While it is not impossible that a case might arise in which it would be so apparent that an insignificant item had unintentionally been added to the amount sued for, which did not fall within the grounds of attachment, that it might

properly be rejected, and the claim purged by the plaintiff to that which should have been the initial claim, it does not seem apparent that proceedings can be sustained for any sum, however insignificant, for which no grounds of attachment are claimed, simply on account of its being merged and found in another claim for which sufficient grounds of attachment do exist. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.