JOHN S. CAULFIELD v. GUY L. BITTENGER ET AL.

FILED SEPTEMBER 19, 1893.    No. 4929.

Attachment: DEBT NOT DUE. An action can be maintained on a claim before it is due only in the exceptional cases enumerated in section 237 of the Code.

ERROR from the district court of Dawes county.    Tried below before CRITES, J.

*E. S. Ricker* and *James A. Powers,* for plaintiff in error.

*Alfred Bartow, contra.*

POST, J.

This is a proceeding in error and brings up for review the judgment of the district court of Dawes county reversing an order of the county judge of said county, overruling the motion of the defendants in error to discharge an attachment issued at the instance of the plaintiff in error. The material facts are as follows : On the 9th day of March, 1891 the plaintiff in error, Caulfield, filed with the county judge an account of which the following is a copy :

" JOHN S. CAULFIELD
                                v.
GUY L. BITTENGER,
RALPH R. BITTENGER.

"Bought of John S. Caulfield.

1890.

| | | | |
|---|---|---|---:|
| Nov. 18. | To merchandise, per bill rend......... | | $4 30 |
| Nov. 26. | " | " | 14 13 |
| Dec. 10. | " | " | 67 48 |
| Dec. 10. | " | " | 5 08 |
| Dec. 13. | " | " | 2 00 |
| Dec. 17. | " | " | 1 25 |
| Dec. 30. | " | " | 1 02 |
| Jan. 2. | " | " | 20 73 |
| Jan. 6. | " | " | 11 93 |
| Jan. 8. | " | " | 10 55 |
| Jan. 10. | " | " | 1 00 |
| Feb. 6. | " | " | 13 72 |
| Feb. 9. | " | " | 32 |
| Feb. 11. | " | " | 6 60 |
| Feb. 14. | " | " | 1 80 |
| Feb. 16. | " | " | 1 74 |

Total.................................... $162 93

Feb. 28. By mds. returned...................... 1 74

$161 19

"OMAHA, COUNTY OF DOUGLAS,
    STATE OF NEBRASKA.

"March 6, 1891, on this day appeared before me John S. Morrison, a notary public in and for said county, Frank J. Coates, who, being first duly sworn, deposes and says that he is book-keeper for John S. Caulfield, and that the foregoing account against G. L. and R. R. Bittenger is correct and just, and wholly unpaid to the best of his knowledge and belief."

On the same day Caulfield, by his attorney, filed an affi-

davit for attachment, which, so far as it is material to the question presented by the record in this case, is as follows:

"E. S. Ricker, attorney for the said plaintiff John S. Caulfield, makes oath that the claim in this action is for the payment of money only upon account for goods, wares, and merchandise sold and delivered by plaintiff to defendants at their request within one year prior to the commencement of this action, and which account affiant believes is not wholly due; and the said E. S. Ricker also makes oath that the said claim is just and that the plaintiff John S. Caulfield ought, as he believes, to recover thereon one hundred sixty one and $\frac{19}{100}$ dollars; he also makes oath that the defendants Guy L. Bittenger and Ralph R. Bittenger are about to remove their property, or a part thereof, out of the county with the intent to defraud their creditors, and are about to convert their property, or a part thereof, into money for the purpose of placing it beyond the reach of their creditors, and have assigned, removed, or disposed of, or are about to dispose of, their property, or a part thereof, with intent to defraud their creditors, and have sold, conveyed, or otherwise disposed of their property with a fraudulent intent to cheat or defraud their creditors or to hinder or delay them in the collection of their debts, and are about to make such sale, conveyance, or disposition of their property with such fraudulent intent, and are about to remove their property, or a material part thereof, with the intent or to the effect of cheating or defrauding their creditors or of hindering and delaying them in the collection of their debts, and to accomplish such fraudulent purposes the said Guy L. Bittenger and Ralph R. Bittenger secretly planned and arranged to sell all of their stock of merchandise in said county without retaining enough other property subject to execution to pay said debts, and so planned and arranged without the knowledge of their creditors and willfully and purposely deceived and misled said creditors, by denying to them that they were intending to sell their said stock, and

by making false representations as to the extent and amount
of their indebtedness, and by making other false and fraud-
ulent misrepresentations regarding their business intentions
and acts relative thereto, all of which were calculated to de-
ceive and mislead said creditors.   Affiant further states that
the Honorable M. P. Kinkaid, judge of the district court
of Dawes county, is absent from said county, wherefore
affiant, on behalf of said plaintiff, prays the Hon. S. A.
Ballard, judge of said county court, that he grant the order
for the issuance of an order of attachment against said de-
fendants, and further saith not."

Upon the filing of the foregoing affidavit an order of
attachment was issued, and the sheriff, by virtue thereof,
took possession of the property in controversy, to-wit, a
stock of books, stationery, cigars, and fruit in the city of
Chadron.   Subsequently the defendant moved to discharge
the attachment, alleging as grounds thereof: First, the facts
stated in the affidavit are not sufficient to authorize the al-
lowing of the order of attachment; second, the statement
of facts in said affidavit are untrue.   The motion aforesaid
having been overruled and judgment entered by the county
judge in favor of the plaintiff, the cause was removed to
the district court by petition in error, where the order over-
ruling the motion to discharge was reversed.

It is apparent from an inspection of the record that the
proceeding before the county judge was an action for a debt
not then due.   It is alleged in the affidavit that the account
is not wholly due and it is impossible to determine, either
from the affidavit or the bill of particulars, what part of
the account, if any, had matured at the time the action was
commenced.   The attachment must be sustained, therefore,
if at all, under the provisions of section 237 of the Code.
It is clear, however, that attachment is allowable for debts
not due, only in the exceptional cases for which provision
is made in that section. (See *Seidentopf v. Annabil,* 6 Neb.,
524; *Philpott v. Newman,* 11 Id., 299.)   Both defendants

38

deny *seriatim* all the allegations of fraud contained in the affidavits upon which the attachment was allowed.

It appears from the affidavit of R. R. Bittenger that there had been negotiations between himself, as managing partner, and C. E. Wilson, of Omaha, for a sale of the business to the latter, but that the transaction was in good faith and without any intention to delay or defraud the creditors of the firm, and that said firm was perfectly solvent, having a stock of goods worth more than $3,000, and $200 in good accounts, while the liability thereof did not exceed $1,200. He is corroborated by Wilson and also by Mr. Burnett, who had been employed as a clerk in the store for five months preceding the service of attachment. This evidence is not controverted by the plaintiff, although a number of affidavits were introduced tending to prove that Ralph R. Bittenger at Omaha and Chadron about the 5th day of March, 1891, had made false statements with respect to the indebtedness of the firm. This evidence might have been material had the attachment been allowed under section 198, but is insufficient to sustain an attachment under section 237. The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.