NATHAN J. BURNHAM V. FRANK J. RAMGE.

FILED FEBRUARY 18, 1896.   No. 5930.

1. **Attachment: AFFIDAVIT.** An affidavit for an attachment setting forth the grounds therefor in the language of the statute is sufficient.

2. **Garnishment.** Error cannot be predicated by a judgment debtor upon the making of an order upon a garnishee to pay money into court, or the refusal to vacate such order, when such debtor disclaims any interest in the money garnished.

ERROR from the district court of Douglas county.    Tried below before DAVIS, J.

*Slabaugh & Rush,* for plaintiff in error.

*Parke Godwin, contra.*

NORVAL, J.

Plaintiff recovered a judgment in the court below against defendant in the sum of $79.90 and costs of suit, and Frank E. Moores, garnishee, was ordered to pay into court the money garnished in his hands.    At the commencement of the action plaintiff filed an affidavit for attachment, and an order of attachment and notice in garnishment, directed to Frank E. Moores, were issued and served.    Subsequently the defendant moved the court to discharge the attachment upon two grounds: (1) The facts stated in the affidavit are insufficient to justify the issuing of the writ; (2) because the affidavit is untrue.    This motion was overruled.    After the rendition of the judgment, and the making of the order upon the garnishee to pay the money into court, the defendant filed a motion, which was overruled, to set aside

the order made upon the garnishee. These rulings of the court are assigned for error.

No error was committed in overruling the motion to dissolve the attachment. The affidavit for attachment is in the usual form, the grounds for attachment being set forth in the language of the statute, viz., "that said defendant fraudulently contracted the said debt on which said suit has been brought." This was sufficient to sustain the writ, without a statement of the facts showing the ground of attachment to be true. (*Hilton v. Ross*, 9 Neb., 406; *Steele v. Dodd*, 14 Neb., 496.) The affidavit read at the hearing on the motion to dissolve the attachment failed to deny the existence of the debt which is the basis of the suit, or to disprove the averments in the attachment affidavit that the debt was fraudulently contracted. The ground for attachment is nowhere denied. The evidence adduced in support of the motion was merely for the purpose of showing that the moneys garnished in the hands of Frank E. Moores were held by him in his official capacity as clerk of the district court; but such evidence does not disclose that the moneys did not belong to the attaching defendant. Moreover, it is stated in substance, in the motion to set aside the order on garnishee, as well as in brief of plaintiff, that the moneys garnished did not belong to Burnham, and that he had no interest therein. If this be true, the latter certainly cannot complain that it was applied to pay the judgment against him. (*Langdon v. Martin*, 10 O. St., 439; *Mitchell v. Skinner*, 17 Kan., 563.) Moores, to protect himself, could have objected, but he makes no complaint of the order of the court.

It is insisted that there was error in denying the motion to vacate the order on the garnishee, because the garnishee did not answer in the case, and further, that as the money was held by Moores as clerk of the district court, it was *in custodia legis*, and, therefore, not subject to garnishment. Whether the order was made upon the garnishee without his appearing and disclosing the amount of money in his hands belonging to the defendant, or whether the moneys in the hands of Moores could be garnished in this case, are immaterial inquiries in the light of this record. Plaintiff having disclaimed any interest in the moneys ordered paid over by the garnishee, both upon the record and in his brief, clearly he cannot be heard to complain that the order was erroneous. No prejudicial error having been shown to exist, the judgment of the district court is

AFFIRMED.