RUFUS L. MCDONALD ET AL. V. ROSINA MARQUARDT
ET AL.

FILED DECEMBER 9, 1897.  No. 7570

1. **Attachment: SUFFICIENCY OF AFFIDAVIT.** An attachment affidavit setting forth the nature of the plaintiff's claim, that it is just, the amount which the affiant believes plaintiff ought to recover, and the existence of one or more statutory grounds for the writ in the language of the Code of Civil Procedure is sufficient.

2. ————: **GROUND FOR DISSOLUTION.** It is no ground for dissolving an attachment issued against two or more defendants that the property levied on is the individual property of one of them alone.

3. ————: **EVIDENCE.** Evidence examined and *held* sufficient to authorize an attachment.

4. ————: **ISSUES ON MOTION TO DISSOLVE.** The merits of a cause will not be adjudicated on a motion to dissolve an attachment.

ERROR from the district court of Pawnee county. Tried below before BABCOCK, J.  *Reversed.*

*A. D. McCandless* and *Lindsay & Raper*, for plaintiffs in error.

*Story & Story* and *F. Martin*, contra.

NORVAL, J.

This was an action in attachment by Rufus L. McDonald and others against Rosina Marquardt, David F. Marquardt, and Charles Place on an account for goods sold and delivered. In the affidavit, as grounds for the writ, plaintiffs' agent deposed:

"1. That said defendants and each of them is about to remove his property, or a part thereof, out of the jurisdiction of this court with intent to defraud his creditors; and

"2. Is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; and

"3. Has property and rights in action which he conceals; and

"4. Has assigned, removed, disposed of, and is about to dispose of his property, or a part thereof, with intent to defraud his creditors; and

"5. Fraudulently contracted the debt."

The defendant Place alone moved for a dissolution of the attachment: (1) Because the facts stated in the affidavit are not sufficient to justify the issuing of the writ; (2) because said affidavit is untrue; (3) the property seized by the officer under the writ belongs to said defendant individually. The court discharged the attachment, and from the order of dissolution plaintiff prosecutes error.

The attachment affidavit alleges that the action is to recover a debt of $1,213.83, due for goods sold and delivered by plaintiffs; that the claim is just; that the affiant believes plaintiffs ought to recover said sum, and the existence of the five grounds of attachment set out above in the language of the statute. This complied with the requirements of sections 198 and 199 of the Code of Civil Procedure, and the first ground of the motion to discharge the attachment is overruled. (*Ellison v. Tallon*, 2 Neb., 14; 3 Neb., 63; *Hilton v. Ross*, 9 Neb., 496; *Steele v. Dodd*, 14 Neb., 496; *Burnham v. Ramge*, 47 Neb., 175.) That the defendant Place was the individual owner of the property upon which the attachment was levied was no ground for dissolving the writ. (Drake, Attachment [6th ed.], 418; *Rosenburg v. Burnstein*, 61 N. W. Rep. [Minn.], 684.) The attachment was doubtless vacated upon the second ground stated in the motion to discharge, namely, that the affidavit made the basis for the issuance of the writ was untrue. There is but little controversy in regard to the main facts of the case. Plaintiffs were wholesale merchants of the city of St. Joseph, Mo., and the defendant David F. Marquardt was a retail merchant at Burchard, this state, from January

1, 1894, to about March 20 of the same year, the business having been conducted by him in the name of his mother, Rosina Marquardt. During which period the bulk of the goods covered by the account sued upon was sold and delivered. On March 20, 1894, the defendant Place traded to Marquardt 160 acres of land, located in Cherry county, which had but little value, for a one-third interest in the stock of goods, which was worth over $5,000. At the time of said transfer Marquardt was indebted in considerable amounts to wholesale houses for goods purchased, of which fact Place was cognizable. After the trade, until April 13, 1894, the two did business under the firm name of Marquardt & Place, dividing the proceeds of sale between them each evening and paying no part of the indebtedness. During which period a small quantity of goods was ordered by them from plaintiffs, which, together with some of the merchandise previously ordered by Marquardt, was received and retained by the firm, but payment for the same never has been made to plaintiffs. On April 13, 1894, Marquardt traded his two-thirds interest in the stock of goods to one Brown, and that night Place and Brown hurriedly divided the goods between themselves. The latter immediately prior to such division stated to the former as the reason for so much haste "that the wholesale men would be there on the next train." No invoice was taken of the stock, but the division was made by removing the goods from the shelves and placing them in three piles, of which Place took one and Brown the remaining two. The latter removed his share to his own building, while the same night Place hauled his portion away from the storeroom in which the business had been conducted and secreted the goods in different places. The next day the suit was instituted. While the testimony may not disclose that the transfer from Marquardt to Place was made for a fraudulent purpose, no other conclusion can be drawn from the facts established by the proofs than that Place secreted a portion of the stock of goods for the purpose

and with the intent of placing the same beyond the reach of the plaintiffs, and to hinder and delay them in the collection of their claim herein involved. At least one of the grounds for the attachment was established by the proofs beyond dispute.

It is said that the debt for which the attachment was issued was the individual debt of Marquardt, and for the payment of which Place is not liable. This, if true, is no ground for vacating the writ. The merits of a cause cannot be adjudicated upon the hearing of a motion to dissolve. (*Olmstead v. Rivers*, 9 Neb., 234.) The order complained of is reversed, and the attachment is reinstated.

REVERSED. ·