NATIONAL REEFER SERVICE, INC., APPELLANT, v. SOL FELMAN, APPELLEE.

83 N. W. 2d 547

Filed June 7, 1957. No. 34157.

784

Fitzgerald, Hamer, Brown & Leahy, Daniel J. Monen, Jr., and James L. Koley, for appellant.

Viren, Emmert, Hilmes & Gunderson and Frank L. Morrison, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by National Reefer Service, Inc., plaintiff and appellant, against Sol Felman, defendant and appellee, to recover from the defendant separate amounts of $593.49 and $600, the total of which is $1,193.49, claimed to be due plaintiff pursuant to the terms of a brokerage agreement entered into on June 22, 1956. After the petition was filed the plaintiff filed an affidavit for attachment. The ground for attachment was that the defendant was a nonresident of the State of Nebraska. An order of attachment was issued which was levied on an International tractor belonging to the defendant.

After the order was levied the defendant filed a motion to dissolve the attachment. After hearing the attachment was dissolved. From the order dissolving the attachment the plaintiff has appealed. Two assignments

of error are presented as grounds for reversal. The first is that the order dissolving the attachment was not sustained by sufficient evidence. The second is that the order was contrary to law.

The grounds for dissolution of the attachment set forth in the motion are numerous. By the motion however it is not contended that the defendant is not a nonresident of the State of Nebraska. It is tacitly admitted that he is a nonresident.

The first ground is that the affidavit filed by the plaintiff was not sufficient to sustain the attachment. It is assumed that by the specification the defendant meant to say that no ground for attachment was sufficiently alleged.

The contention may not be sustained. The determination of whether or not an affidavit for attachment is sufficient depends upon whether or not there has been a compliance with the requirements of section 25-1002, R. R. S. 1943. The requirements are that it shall contain the nature of the claim, a declaration that the claim is just, the amount of the claim, and a declaration of the existence of some one of the grounds of attachment enumerated in section 25-1001, R. R. S. 1943. The affidavit fully complied with all of these requirements. One of the grounds enumerated in section 25-1001, R. R. S. 1943, is nonresidence of the defendant.

In McDonald v. Marquardt, 52 Neb. 820, 73 N. W. 288, it is said: "An attachment affidavit setting forth the nature of the plaintiff's claim, that it is just, the amount which the affiant believes plaintiff ought to recover, and the existence of one or more statutory grounds for the writ in the language of the Code of Civil Procedure is sufficient." See, also, Ellison v. Tallon, 2 Neb. 14; Tallon v. Ellison & Sons, 3 Neb. 63; Hilton v. Ross, 9 Neb. 406, 2 N. W. 862; Steele v. Dodd, 14 Neb. 496, 16 N. W. 909; Burnham v. Ramge, 47 Neb. 175, 66 N. W. 277.

The second ground is that the attachment was based

on two claims on at least one of which attachment could not be based. The substance of this contention is that one of the claims sounded in tort and that this being true it could not provide a basis or foundation for attachment. The rule which it is contended is applicable is that, where an attachment is predicated on two or more claims one or more of which does not properly provide the basis for attachment, the defendant becomes entitled to have the entire attachment dissolved.

The rule as such is one which is recognized by the decisions of this court. See, Mayer & Schurmann v. Zingre, 18 Neb. 458, 25 N. W. 727; Meyer v. Evans, 27 Neb. 367, 43 N. W. 109. The question therefore is that of whether or not this case falls within the purview of the rule.

As pointed out the ground for attachment is that the defendant is a nonresident of the State of Nebraska. Section 25-1001, R. R. S. 1943, contains the following provision: "An attachment shall not be granted on the ground that the defendant is * * * a nonresident of this state, for any claim other than a debt or demand arising upon contract, judgment or decree, unless the plaintiff shall have been a bona fide resident of this state for at least six months preceding the filing of the petition."

The plaintiff has not stated the length of its residence in this state, so reasonably the question to be considered is only that of whether or not the two claims are for debts or demands arising upon contract. There is no basis for consideration of whether or not they arise out of the judgment or decree.

The burden devolved upon the plaintiff to prove that the claims arose out of contract. The rule is as follows: "Where the facts stated in an affidavit for an attachment are denied on a motion to dissolve, the burden is cast upon the plaintiff to sustain his charges by proof." Geneva Nat. Bank v. Bailor, 48 Neb. 866, 67 N. W. 865. See, also, Steele v. Dodd, *supra;* Olds Wagon Co. v. Bene-

dict, 25 Neb. 372, 41 N. W. 254, on rehearing, 27 Neb. 344, 43 N. W. 108; Malcolm Savings Bank v. Cronin, on motion for rehearing, 80 Neb. 231, 116 N. W. 150.

The facts stated in the affidavit were denied by the motion to dissolve the attachment and it is clear, since there is a bill of exceptions, that a hearing was had on the motion pursuant to which the attachment was dissolved.

On the record which this court is permitted to examine on review it must be said that the plaintiff has sustained its burden. This is so since the bill of exceptions contains only evidence adduced by plaintiff and none by the defendant. The hearing was on affidavits. Three affidavits were adduced in evidence on behalf of the plaintiff all of which appear in the bill of exceptions. None on behalf of the defendant so appear. The three taken alone sustain the contention of the plaintiff.

It is true that affidavits on behalf of defendant were submitted in the case to the district court but they may avail nothing in this court. In Olds Wagon Co. v. Benedict, *supra,* it was said: "Affidavits used at the hearing of a motion to dissolve an attachment will not be considered in this court on error, unless preserved by a bill of exceptions." See, also, Tessier v. Crowley, 16 Neb. 369, 20 N. W. 264, on rehearing, 17 Neb. 207, 22 N. W. 422. Therefore the second ground of the motion must in this court be resolved against the defendant.

The third ground advanced for dissolution of the attachment must be resolved against the defendant for the same reason as the second since it also depends upon the sufficiency of the record in support of the right to attachment.

By the fourth ground in substance the theory is advanced that attachment will not lie unless an obligation is due. As authority for this theory the case of Dayton Spice-Mills Co. v. Sloan, 49 Neb. 622, 68 N. W. 1040, is cited. The case does not sustain the theory. The ques-

tion was not considered or decided. In that case an attachment was dissolved. The ground of the action of the court dissolving the attachment does not clearly appear. The court dismissed the action because the claim was not due, but it did not dissolve the attachment for that reason.

The true rule is that an attachment may not be dissolved on the ground alone that the debt is not due at the time the action is started. If the plaintiff is entitled to prosecute the case to final judgment, he is entitled to the security afforded by the attachment in the absence of any other ground for dissolution. See, Reed v. Maben, 21 Neb. 696, 33 N. W. 252; Caulfield v. Bittenger, 37 Neb. 542, 56 N. W. 302. The theory therefore is without merit.

Exhibit A attached to the petition, which is the contract out of which the action and the attachment flow, and the violation of its provisions by the defendant provide the basis of the action and of the attachment. By the fifth ground for dissolution of the attachment the defendant contends substantially that at least one of the claims does not flow from the exhibit.

The plaintiff claims nothing except from rights and obligations declared by and incidental to the exhibit. An examination of the exhibit indicates that the claims may reasonably flow therefrom. The exhibit as to one claim imposes strictly contractual obligations. This phase requires no further consideration.

As to the other it appears to be in the nature of an indemnity agreement. The general rule under such circumstances, as stated in 42 C. J. S., Indemnity, § 28, p. 609, is: "An indemnitee may proceed against his indemnitor by an action ex contractu, on the contract or bond of indemnity, * * *; or, where he seeks to recover for damages paid for injuries caused by the negligent or wrongful acts, he may proceed by action ex delicto, * * *."

The apparent position of this court conforms to this

statement of principle. This court has said that an action for damages for breach of warranty is ex contractu. In Cheney v. Straube, 35 Neb. 521, 53 N. W. 479, it was said: "The action of covenant was in form and substance ex contractu, and in action under the code by a convenantee for damage on account of the breach of a covenant of warranty, after eviction under a paramount title, is a debt arising under a contract, which may be recovered by attachment."

The conclusion reached is that the plaintiff chose its remedial action as it had the right to do, and therefore the fifth point of the motion is without merit.

The sixth and last stated ground for dissolution of the attachment was that the value of the property attached was greatly in excess of any possible recovery in the action. No authority has been cited the effect of which is to say that the fact that more property has been attached than an amount sufficient to satisfy the recovery in an action shall be ground for dissolving an attachment.

Also on another ground this contention may not be sustained. The determination of what may be recovered is ascertainable of course by a trial on the merits in the action. The question of the right of recovery and the amount thereof is not a matter for consideration on a motion to dissolve an attachment. This court said in McDonald v. Marquardt, supra: "The merits of a cause will not be adjudicated on a motion to dissolve an attachment." See, also, Olmstead v. Rivers, 9 Neb. 234, 2 N. W. 366.

The conclusion, in the light of the observations herein, is that the order dissolving the attachment and exonerating the redelivery bond was erroneous. It is accordingly reversed.

REVERSED.