JULIUS HUMISTON ET AL. *v.* JOHN M. BISHOP ET AL.

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 127711
AT NEW HAVEN

Memorandum filed October 27, 1971

Gold, Gold & Bernblum, of New Haven, for the plaintiffs.

Cooney & Scully, of Hartford, for all defendants, and Walter A. DeAndrade, of Cheshire (for the defendant Lassen), DiSesa & Evans, of New Haven (for the defendant Maconi), and Cooper, Grant, Bowerman & Keefe, of New Haven (for the defendant Wolff).

WALL, J. The defendants seek a discharge of attachments of real estate as they were made without an order of court (1) against municipal officials acting within the scope of their authority, and (2) in an action for slander. General Statutes § 52-279.[1] The plaintiffs seek to justify their action by stating that the officials acted outside the scope of their authority. The plaintiffs claim that the zoning and building regulations require approval by the zoning enforcement officer of all applications for building permits but the officer refused to approve the application. Approval or disapproval is within the scope of his authority, and the complaint makes no allegation that the defendants usurped any powers or duties of others. The action sounds in tort. See Cole v. Associated Construction Co., 141 Conn. 49, 54. The allegations of a paragraph of the complaint appear to set forth an action in slander. The plaintiffs offer to withdraw this paragraph in order to retain the attachment. The general rule is that no attachment is valid under a complaint setting forth several

[1] "Sec. 52-279. WHEN ATTACHMENTS MAY BE GRANTED. . . . No attachment shall be made in any action for slander . . . except upon order of the court to which the writ is made returnable. No attachment shall be made against the real or personal property of any municipal official in any action against the municipality or its officials acting within the scope of their authority except upon order of the court to which the writ is returnable. . . ."

causes of action unless it is proper with respect to each cause of action. 6 Am. Jur. 2d, Attachment and Garnishment, § 436. The reason for the rule is that attachment is an extremely harsh remedy and exists in derogation of common right and common law. *Munger* v. *Doolan,* 75 Conn. 656, 659. Since the requirement for a court order in slander cases is to protect defendants *(Morganti* v. *Abramson,* 141 Conn. 176, 177), the court should not permit any deviation from statutory requirements. See *National Reefer Service, Inc.* v. *Felman,* 164 Neb. 783; *Cecrle* v. *Jeffries,* 12 Ohio Misc. 25. To rule otherwise would deprive the defendants of the protection provided by § 52-279's restrictions—by the drafting of complaints alleging several causes of actions or multicount complaints.

The motion is granted, and the attachments are ordered discharged and quashed.