JOHN S. BRITTON ET AL. V. JAMES I. BOYER ET AL.

[FILED OCTOBER 4, 1889.]

1. **The Evidence,** which is somewhat conflicting, examined and *held,* sufficient to sustain the finding and judgment of the district court.

2. **Assignment for Creditors:** PREFERENCE. The preference by a debtor of a *bona fide* creditor to the exclusion of other creditors is not of itself necessarily fraudulent.

3. ————. The question as to the validity of a chattel mortgage containing a reservation of the surplus, after the satisfaction of the debt secured, *held,* not to be in the case.

ERROR to the district court for Red Willow county. Tried below before COCHRAN, J.

*R. M. Snavely,* for plaintiff in error:

The garnishment proceeding was the only method of appropriating the surplus value of the goods in possession of the mortgagees. (*Burnham v. Doolittle,* 14 Neb., 214; *Carte v. Fenstermaker,* 14 O. S., 457); and it enabled testimony to be introduced tending to show fraud, which in a mere attachment would not have been admissible. Conduct of parties may be shown, to establish fraudulent intent. (Wait, Fraud. Conv., pp. 8–10; Waples on Attachment, 57, 58; *Weiller v. Schreiber,* 63 How. Pr. [N. Y.], 481.) Concealment is an absconding sufficient to justify attachment. (Waples, 49, 50; *Ives v. Curtis,* 2 Root [Conn.],

133 ; *House v. Hamilton*, 43 Ill., 185 ; *Young v. Nelson*, 25 Id., 565 ; *Nutter v. Connet*, 3 B. Mon. [Ky.], 199 ; *Dunn v. Salter*, 1 Duv. [Ky.], 342 ; *Field v. Adreon*, 7 Md., 209 ; *Fitzgerald's Case*, 2 Caines [N. Y.], 318 ; *Jewel v. Howe*, 3 Watts [Pa.], 144 ; *Boggs v. Bindskoff*, 23 Ill., 66.) A reservation of control, etc., by the grantor in a pretended conveyance, renders it fraudulent. (Pierson on Mtgs. of Mdse., secs. 156, 161 ; *Wilson & Wormal's case*, Godbolt [Eng. K. B.], 161 ; *Passmore v. Eldridge*, 12 S. & R. [Pa.], 198 ; *Lang v. Stockwell*, 55 N. H., 561 ; *Sangston v. Gaither*, 3 Md., 40 ; *Riggs v. Murray*, 2 Johns. Ch., 565 ; *Pierson v. Manning*, 2 Mich., 445.) In *Holland v. Bank*, 22 Neb., 583, the evidence, though not nearly so strong as in this case, was held sufficient to sustain the attachment.

*G. M. Lambertson, Rittenhouse & Starr*, and *H. W. Keyes*, for defendants in error :

Mere insolvency is not a cause for attachment (*Parmer v. Keith*, 16 Neb., 92 ; *Walker v. Haggarty*, 20 Id., 485); nor is removal of property, unless with fraudulent intent. (*Steele v. Dodd*, 14 Neb., 499.) The garnishment fails if the attachment does, as the one is but a species of the other. (Wade on Attachment, secs. 2, 325, 327, 328, 356 ; *Dolby v. Tingley*, 9 Neb., 412 ; Waples on Attachment, 344, 345.) If the mortgage is void because of non-conformity to the assignment law, the fact is no evidence of a fraudulent disposition of property. (*Fox v. Atwell*, 24 Kas., 144.) The attachment and garnishment cannot prevail, because two claims—one due, the other not—are joined in the affidavit. (*Green v. Raymond*, 9 Neb., 295 ; *Seidentopf v. Annabil*, 6 Id., 527 ; *Mayer v. Zingre*, 18 Id., 462.)

REESE, CH. J.

This is a proceeding in error to the district court of Red Willow county. On the 25th day of September, 1887,

plaintiffs filed their petition in the district court for the recovery of the sum of $898.30, with interest thereon.  At the time of filing the petition, an affidavit for attachment was filed, alleging as the ground therefor that "the defendants have assigned, removed, and disposed of a part of their property with intent to defraud their creditors, and are about to assign and dispose of their property with intention to defraud their creditors, and are about to convert their property, or a part thereof, into money for the purpose of placing it beyond the reach of their creditors."    An order of attachment was issued, which was not executed by levy upon property, but by serving notice of garnishment upon L. J. Holland, The First National Bank of Indianola, J. W. Dolan, Metcalf Bros., Lambert Jay, and J. W. Montrose.    It appears that prior to the issuance of the orders of attachment, Boyer and Davidson, who were merchants in Indianola, having become indebted to Holland and to the bank to the extent of $5,336.46, executed to them a chattel mortgage on the stock of goods, by virtue of which the mortgagees had taken possession.    For the purpose of reaching the surplus in the hands of the mortgagees the proceeding in garnishment was instituted.    The defendants in the action appeared and filed their motion to dissolve the attachment and discharge the garnishees, for the reason that the facts stated in the affidavit on which the attachment was issued were untrue.    This motion was submitted to the district court upon affidavits filed by the parties, and was sustained, the attachment discharged, and the proceedings in garnishment vacated.    From this order plaintiff prosecutes error to this court.

The principal contention of plaintiff in error is, that the findings and judgment of the district court are against the clear weight of the evidence and are contrary to the law of the case.    There are other assignments, a part of which will be noticed, but as we understand the case, they are of somewhat minor importance.    The affidavits upon which the mo-

tion was submitted to the district court are preserved by a proper bill of exceptions, but are of too great length to be here set out either in whole or in substance, and we must be content with giving our conclusion as to the established facts.

We think it must be conceded that the mortgage above referred to was given and taken in good faith, and to secure actual *bona fide* debts for money before that time borrowed by defendants of the mortgagees, or the payment of which had been assumed by them; also, that defendants were indebted to Raymond Bros. in the sum of $2,090.27; that soon after the execution of the mortgage Holland and the bank took possession of the mortgaged property, under the mortgage; and that by the execution of the mortgage the mortgagees were preferred to the exclusion of other creditors, but that this preference was not necessarily fraudulent in fact. Indeed the mortgage seems to be conceded to have been valid, and by the garnishment proceedings the surplus remaining after its payment is all that plaintiff sought to recover. Pending the attachment proceedings, Raymond Bros. appeared with their claim and it was agreed that they should purchase the notes and mortgage from Holland and the bank, and that defendants should confess judgment in their favor for the amount due upon their account. This arrangement was carried out, Raymond Bros. paying the full amount due on the notes and mortgage and taking an assignment thereof with the possession of the property, judgment being confessed by defendants. This confession was made and the judgment rendered in the evening, but we think that fact is fully explained by showing that it was made to depend upon the negotiations between Raymond Bros. and the bank and Holland, and was delayed until a late hour, about ten o'clock in the evening. But these facts could hardly be considered as of much importance, except as they might tend to throw light upon, and give color to, the previous conduct of the defendants, as they occurred

after the issuance of the order of attachment. This must also be said of other parts of the case, and need not be further noticed as of primary importance.

There is no doubt but that it was the purpose of defendants to aid Holland and the bank, as well as Raymond Bros., in preference to other creditors, in the collection of their demands. This, when not accompanied with a dishonest purpose — the debts being *bona fide* — is not fraudulent (for a debtor has the right to prefer his actual *bona fide* creditors), and of itself would not sustain an attachment.

There is proof of conduct on the part of defendants, after the institution of the attachment suit, which appears at least unfriendly to plaintiffs, but in the face of the explanatory evidence offered, they are not sufficient to warrant the court in reversing the judgment of the district court. The evidence was also somewhat conflicting, and for this reason we should hesitate to interfere with the findings of the trial court. We are unable to find any convincing proof in the record that any of the partnership assets were secreted at the time, or disposed of fraudulently, or converted into money, with any fraudulent intent; or that any intention of converting the property into money, for the purpose of placing it beyond the reach of the creditors of defendant, existed.

It is also contended that the reservations contained in the mortgage, that the money remaining after the payment of the debts should "be paid on demand to the parties of the first part *pro rata,*" rendered the mortgage fraudulent as to creditors of the mortgagor other than the mortgagee. As it is not sought to attack the mortgage as against the mortgagees, we are at a loss to see how that question can arise here. If the mortgage is valid as to the parties to it against the creditors of the mortgagor, it must be conceded that it is valid, and not fraudulent, so far as this case is concerned.

Were this an attack upon the mortgage itself, as fraud-

ulent and void, the question would be presented for decision, between plaintiffs in error and the mortgagees. But that is not this case. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.