## M. E. SMITH ET AL. V. BOYER & DAVIDSON.

[FILED JUNE 11, 1892.]

1. **Attachment:** ORDER DISCHARGING: REVIEW. In reviewing an order of the district court or a judge thereof, discharging an attachment, the evidence being conflicting, the same presumption prevails in favor of the correctness of the ruling complained of, as in cases of finding and judgment upon a formal trial.

2. ——: ——: ——. The order of a judge discharging an attachment in such case will not be disturbed by this court unless it is clearly against the weight of evidence.

REHEARING of case reported 29 Neb., 76.

*R. M. Snavely,* and *E. M. Bartlett,* for plaintiffs in error.

*G. M. Lambertson,* contra.

POST, J.

The facts in this case are fully stated in the opinion previously filed, 29 Neb., 76. At the time of the filing of that opinion the conclusion was reached by the court that the order of the district court discharging the attachment was not sustained by the evidence and that the judgment should be reversed. A rehearing was subsequently allowed, and, with the assistance of additional briefs, has been again considered.

It is not necessary to discuss the question of the validity of the mortgages to Holland and the First National Bank

of Indianola. There is no evidence in the record which tends to impeach either; nor is that question put in issue by the motion to discharge the attachment. The only question presented by the motion is the right of plaintiffs to an attachment against the defendants Boyer & Davidson. Defendants, at the time of the execution of the mortgages, were indebted to Raymond Bros. exceeding $2,000. For this amount they executed their three separate notes and immediately confessed judgment on each in the county court of Red Willow county, but refused to confess judgment in favor of plaintiffs. In addition to the stock of goods covered by the mortgages there is no evidence in the record that defendants owned any property except the sum of $187.50 due from one McClung, which, after the execution of the mortgages, Boyer, one of defendants, discounted for $175; a bill, the amount of which does not appear, due from one Sibbett, which was paid September 24 from the proceeds of a loan upon a note with Boyer as surety, and a trotting horse estimated to be worth $300 or $400. It is in evidence, however, that Boyer's wife claimed the horse in question as her separate property. The only witness who claims any knowledge of the facts testifies that Davidson had no property whatever aside from his interest in the stock of goods. There is also evidence tending to prove that Boyer "run away" to Kansas, but this is denied by Mr. Starr, one of the witnesses for defendants, who testifies positively that Boyer remained in Indianola for two days after the day on which he is charged with having fled to Kansas. There is other evidence in the record, but the testimony tending to establish the ground for attachment is either denied by other witnesses or explained in a way which is consistent with the honest intentions of the defendants.

The motion to discharge raised a question of fact to be determined by the district judge, and his finding thereon should not be disturbed unless clearly against the weight

of evidence. This identical question was before the court in *Britton v. Boyer*, 27 Neb., 522, in which it was held that the ruling of the district judge in discharging the attachment was supported by sufficient evidence, and the order aforesaid was affirmed. It has been repeatedly held by this court that the same presumption exists in favor of the correctness of the ruling of the court or judge upon a motion to discharge an attachment where the evidence is conflicting as of any other finding or judgment. (*Mayer v. Zingre*, 18 Neb., 458; *Johnson v. Steele*, 23 Id., 82.) Had the motion been overruled by the district judge it is probable that his decision would have been sustained by an application of the same rule in view of the conflicting character of the evidence. It is the opinion of some of the members of the court that the preponderance of evidence is in favor of the attachment, but not so clearly so as to call for a reversal of the order discharging it. The rule above stated is a safe one, and justice is more certain of attainment by it than by the trial of issues of fact anew in this court. The order of the district court is

AFFIRMED.

THE other judges concur.