WILLIAM SEIDENTOPF, PLAINTIFF IN ERROR, v. A. E. ANNABIL, DEFENDANT IN ERROR.

1   Attachment. In an application for the allowance of an attachment in an action on a claim not due, the better practice is to set forth in the affidavit, not merely a repetition of the language of the code, but also a statement of facts and circumstances, such as ordinarily evince and disclose the intent, purpose, or effect in the disposition of property as injurious to the rights of creditors.

2. ———. The *right* to issue the attachment in such case depends alone upon the fraudulent *intent* to defraud, hinder, or delay creditors.

3. ———. The court or judge may, in its discretion, allow or refuse to allow the writ; but if by the abuse of that discretion a party is clearly injured by the disallowance of the writ, the decision may be reviewed on error, but to invoke the reviewing power of the appellate court, the record must contain such facts and circumstances as will fairly indicate the *intent* of the party.

ERROR to the district court for Merrick county. The case was tried below before Post, J., and is stated in the opinion.

*J. M. Woolworth,* for plaintiff in error.

Undoubtedly the first attachment was void, because issued without the previous order of the judge of the court. Accordingly, the plaintiff moved the court for another attachment, presenting at the same time an amended petition and another affidavit. Upon these papers he was entitled to the order.

The court had before it an affidavit alleging positively that the defendant was about to dispose of his property to defraud his creditors, and also another affidavit alleging positively that he had disposed of a large part of his property out of the usual course of business, and had long been absent from the county, and his place of business and his whereabouts could not be ascertained. This showing entitled the plaintiff to the order.

*J. W. Sparks,* for defendant in error.

The right to file an amended petition and affidavit is in the discretion of the court. *Ramsay & Co. v. Overaker,* 1 Disn., 569.

Granting leave to amend pleadings is a matter committed largely to the discretion of the trial court, and it

must appear that such discretion has been abused before a reversal will be ordered. *Davis v. Wilson*, 11 Kan., 74. *Kunz v. Grund*, 12 Id., 547. *K. R. R. Co. v. Kunkel*, 17 Id., 145.

A matter which rests in the sound discretion of the court cannot be assigned for error. Powell on Appellate Proceedings, 195.

GANTT, J.

On the fifth of December, 1876, the plaintiff commenced an action against defendant upon two promissory notes, not due, and his attorney filed an affidavit for an attachment on the ground of his belief that the defendant concealed himself to avoid service of summons, and was about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors. A writ of attachment was issued, but no application was made to the court or judge thereof to grant an attachment.

On the twenty-seventh of February, the defendant filed a motion to dissolve this attachment, for the reason that, "the notes on which said suit was brought were not due at the time the suit was commenced," and "that said clerk of the district court had no authority without the order of the judge thereof to issue or grant such order of attachment;" and on the following day the plaintiff filed an amended petition and an affidavit for an attachment, on the ground that "at the time of the commencement of this action the said defendant was about to convey and dispose of his property with the fraudulent intent to defraud his creditors, and to hinder and delay them in the collection of their debts." At the same time the plaintiff made application to the court, setting forth that, "having commenced his suit in said court against the defendant, on the promissory

notes in his petition and affidavit, hereby makes application to the court for an order allowing the attachment in the case, as provided by law." The motion for the allowance of an attachment was overruled, the attachment issued on the former affidavit was discharged, and the action was dismissed.

Under section 237 of the civil code "a creditor may bring an action on a claim before it is due, and have an attachment against the property of the debtor," in certain cases.

Section 238 provides that, "the attachment authorized by the last preceding section may be granted by the court in which the action is brought, * * but before such action shall be brought, or such attachment shall be granted, the plaintiff, his agent, or attorney," shall make the oath required by the statute; and section 239 provides, that "if the court or judge refuse to grant an order of attachment the action shall be dismissed, but without prejudice to a future action; and in all such actions application for an attachment must be made." The attachment is exclusively a statutory remedy, and can be issued only on the grounds and in the mode prescribed by the statute. *Egan v. Lumsden*, 2 Disney, 168. *Mathers v. Ramsey*, 2 Ibid, 334.

Neither the affidavit nor the order of attachment is a pleading admitting of answer, but the mode provided to attack the order of attachment is by a motion to discharge it, and hence it is a special proceeding so independent of the action commenced by petition that, when the order is made final, it may be the subject of review on error during the pendency of the action.

The right, however, to maintain the action on a claim before it is due depends altogether upon the attachment, for, as said in *Harrison v. King*, 9 Ohio State, 395. If the attachment fails "the action falls with it." The statute expressly provides, that if the court or judge re-

fuse to grant the order of attachment the action shall be dismissed. *Heidenheimer v. Ogborn*, 1 Disney, 351.

It is therefore very clear that the order of attachment issued by the clerk on the filing of the first affidavit was void, because it was issued without any authority of law. The only authority to issue the attachment in such case is derived from the statute, and it expressly provides, that in all actions on claims before they are due the application for the attachment must be made, and the court or judge thereof must grant it before the order can be issued. Therefore the only matter before us is the refusal of the court to grant the attachment on the application made on the twenty-eighth of February, 1876.

The act referred to provides that the attachment may issue "where the debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts. *Second.* Where he is about to make such sale, conveyance, or disposition of his property, with such fraudulent intent."

The ground stated in the affidavit is substantially in the language of the second clause above quoted. In the case of *Harrison et al. v. King et al.*, 9 Ohio St., 393, an attachment had been allowed in a case similar to the one at bar. Gohlson, J., remarks that "no specific form of showing the existence of the ground is pointed out. In like language as in an ordinary case, the plaintiff is required to make an oath in writing, showing the nature of his claim, that it is just, when the same will become due, and the existence of some one of the grounds for an attachment enumerated. We think, however, that in this class of cases proper practice would require that something more than the mere repetition of the language of the code should be presented to the judge. He ought to be placed in a position to act intelligently in

the exercise of the power and discretion conferred by the code. A court or judge, before allowing an attachment in an action for a debt not due, might properly require a statement of facts and circumstances, such as ordinarily evince and disclose an *intent*, purpose, or effect, in the disposition of property injurious to the rights of creditors, and not act upon what might probably be a mere belief or an inference hastily drawn."

Now although no prescribed form of a statement is required by the statute as a predicate for the action of the judge, and it has been held that as a matter of practice it rests in the discretion of the court of original jurisdiction whether the statement shall be more or less definite, yet we strongly approve the practice indicated by Judge Gohlson as the better practice. And this seems more clear when we consider that the *right* to issue the attachment depends alone upon the fraudulent *intent* of the party—an *intent* to defraud, or to hinder or delay his creditors. This *intent* must not be merely inferred from the consequences of the act of the party, because the effect of such a doctrine might estop every creditor from selling his property, however advantageous it might be to himself and his creditors. It is said that "to constitute such sale fraudulent it must be with a fraudulent intent to (defraud) hinder or delay the creditor, that is, an *intent* to injure him, and reserve some supposed benefit to the debtor."

In *Gans, Adm'r v. Thompson et al.*, 11 Ohio St., 580, in an action upon a claim not due, the affidavit stated that the party "is about to dispose of his property with intent to defraud his creditors," and it was held that "on such a showing the judge might, in his *discretion*, allow or refuse to allow the writ." But upon a motion to discharge the attachment, allowed on the ground of insufficiency, and not upon a denial of the facts stated in the affidavit, the court held, that the question thus raised

36

was a question, not of fact, but of law, and as matter of law the affidavit was sufficient; but further held that "the previous exercise of discretionary power by the judge in allowing the writ could not properly be reviewed on error."

In the case under consideration the court below found that in point of fact there was no *intent* on the part of the defendant to defraud, hinder, or delay his creditors. Whether this finding was based on the affidavit only, or that together with other evidence and circumstances before the court, the record does not show. Though the court or judge may, in its *discretion*, allow or refuse to allow the writ, still we think that if by the abuse of that discretion the party is clearly injured by the disallowance of the writ, in a case with a proper showing, this court may review the decision on error; but to invoke the reviewing power of this court the record must contain such facts and circumstances as will fairly indicate the *intent* of the party. In the present case the record is silent in this regard, and it is therefore impossible for us to say whether the finding of the court below should be sustained or set aside, and therefore it would be unsafe for us to "act upon what might probably be a mere belief or an inference hastily drawn."

The judgment of the court below dismissing the action must be

AFFIRMED.