J. H. JOHNSON AND CO., PLAINTIFFS IN ERROR, V. DUDLEY M. STEELE, DEFENDANT IN ERROR.

Attachment: WEIGHT OF AFFIDAVITS ON TRIAL BEFORE DISTRICT COURT. In a proceeding in attachment, where the defendant denies the truth of the allegations in the affidavit for attachment, and an inquiry is made thereon by the district court upon affidavits filed by both parties, and in which there is a conflict, a reviewing court will not reverse the decision of the district court upon the facts, unless the decision was clearly wrong. In such case the same rule must be applied as would be had there been a trial.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Warren Switzler*, for plaintiffs in error.

*Stow & Day* and *Montgomery & Jeffrey*, for defendant in error.

REESE, CH. J.

This was a proceeding in attachment against plaintiffs in error. They appeared in the district court and moved for a vacation of the attachment, upon the ground that the allegations of the affidavit by which the attachment was obtained were untrue. A number of affidavits were presented on their part, as well as upon the part of attaching creditors.

It appears from the whole record that immediately prior to the suing out of the attachment, plaintiffs in error were engaged in the grocery business in the city of Omaha, with a stock of goods and other property of the value of about $3,100; that they were indebted to Sloan, Johnson & Company in the sum of $1,540.50, and that for the purpose of securing this indebtedness they executed a bill of sale to Sloan, Johnson & Co. upon all their property, on the

Johnson & Co. v. Steele.

28th of February, 1887, and turned over to them the possession thereof.

There is nothing in the record that shows any fraud on the part of Sloan, Johnson & Company, and in fact nothing which would prove such fraud on the part of plaintiffs in error, so far as that transaction alone is concerned, except the statements of plaintiffs in error which are alleged to have been made immediately after the execution of the bill of sale. These statements are to the effect that they sold out their entire stock and personal property to Sloan, Johnson & Company, one of their creditors, and gave them a bill of sale of the same; that certain of their other creditors had been threatening to crowd them on their accounts, by bringing suits for the amounts due, etc., and that for the purpose of putting their stock and property out of their way and keeping them off, defendants had executed a bill of sale, and the others who had been annoying them would find out that they would have to wait until defendants got ready to pay them; that the bill of sale was given to Sloan, Johnson & Company that they might carry on the business in their name until plaintiffs in error were through with their financial troubles. The conversations in which these statements are alleged to have been made are shown by the affidavits of a number of persons who were present and deposed that they had heard the same. If this was true, the conduct on the part of plaintiffs in error was fraudulent, and there was no error in refusing to discharge the attachment. This was a question of fact presented to the trial court, and while, upon the evidence, we might have differed with the conclusion of the trial judge, we cannot say that his finding was wholly unsupported by the evidence.

The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.