GENEVA NATIONAL BANK V. SILAS BAILOR ET AL.

FILED JUNE 16, 1896.   No. 6638.

1. Attachment: MOTION TO DISSOLVE: BURDEN OF PROOF.   Where the
   facts stated in an affidavit for an attachment are denied on a mo-
   tion to dissolve, the burden is cast upon the plaintiff to sustain his
   charges by proof.

2. ———: ———: REVIEW.   An order discharging an attachment, made
   upon conflicting evidence, will not be disturbed by a reviewing
   court, unless the decision is clearly and manifestly wrong.

3. ———: EVIDENCE OF FRAUD.   Evidence examined, and *held* that it
   fails to show that the defendant fraudulently contracted the in-
   debtedness for which this action was instituted.

4. ———: ———.   *Young v. Cooper*, 12 Neb., 610, distinguished.

ERROR from the district court of Fillmore county.
Tried below before HASTINGS, J.

*F. B. Donisthorpe*, for plaintiff in error.

*Ong & Jensen* and *Charles H. Sloan, contra.*

NORVAL, J.

The Geneva National Bank brought this action in the
court below against Silas Bailor and A. Bailor upon

three promissory notes aggregating the sum of $2,840, besides interest. On the same day an affidavit for an attachment was filed, and an order of attachment was issued, which was returned without any property being seized. An affidavit in garnishment was filed by the bank, and notice or summons in garnishment was served upon Arthur Atherton, James Kimbrough, and the Citizens Bank. The latter made no disclosure, and the answer of Atherton revealed that he was indebted to the defendant, Silas Bailor, in the sum of $2,600, or thereabouts. A motion was filed to dissolve the attachment and garnishment proceedings for the reason the allegations of the attachment affidavit were untrue, which motion was sustained, and this ruling is the only question before us for review.

The affidavit for attachment was made by A. O. Taylor, cashier of plaintiff's bank, and sets up four grounds:

1. The defendant, Silas Bailor, is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent of defrauding his creditors.

2. That he is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

3. That he has assigned, removed, or disposed, or is about to dispose of, his property, with the like fraudulent intent.

4. That the debt for which suit was brought was fraudulently contracted or incurred.

The record reveals that the motion to discharge was heard upon proofs in the form of affidavits, consisting of the affidavit of Silas Bailor filed in support of his motion, and the affidavit of A. O. Taylor, offered by plaintiff in resistance thereof. The defendant, in his motion and affidavit, expressly and specifically denied each averment of fraud contained in the original affidavit on which the attachment was obtained. The burden, therefore, was upon the plaintiff to sustain some one of the grounds of attachment by a preponderance of the evidence.

(*Dolan v. Armstrong*, 35 Neb., 339; *Olds Wagon Co. v. Benedict*, 25 Neb., 375; *Steele v. Dodd*, 14 Neb., 496.) The affidavit of Taylor read on the hearing of the motion in some respects tends to prove the facts justifying the issuance of the attachment stated in his original affidavit made for the purpose, but all charges of fraud having been denied by the defendant under oath, it cannot be said that the finding and judgment are unsupported by the evidence, or are clearly and manifestly against the weight thereof. The decision being based upon conflicting evidence, the order sustaining the attachment on that ground alone should be upheld. (*Mayer v. Zingre*, 18 Neb., 458; *Johnson v. Steele*, 23 Neb., 82; *Smith v. Boyer*, 35 Neb., 46.) With these observations we might dismiss a further consideration of the case, but as counsel has so strenuously insisted that the debt was fraudulently contracted by the defendant, we will briefly notice that argument.

It appears that Silas Bailor, in 1893, sold his farm to Arthur Atherton, the garnishee herein, a written contract to that effect at the time being entered into. By the terms of the agreement, between $2,000 and $3,000 of the consideration was payable on August 1, 1893. At the time the contract of sale was made Bailor 'was indebted to plaintiff for money borrowed. He applied to the bank in April, 1893, for a further loan, and for an extension of time of payment on the amount then owing by him to the bank. The loan was accordingly made, and an extension of time of payment of his existing indebtedness was granted. Other loans and extensions were afterwards made Bailor by the bank, which are covered by the notes in suit. The affidavit of Taylor, in addition to the foregoing, states, in effect, that each loan and extension was obtained on the stipulation of Bailor that he would apply the proceeds of the sale of the farm in liquidation of his entire indebtedness to the bank; that subsequently the defendant, in violation of his said agreement, contracted with the Citizens Bank of Geneva to pay the pro-

ceeds of the sale of the farm to liquidate his indebtedness to said bank, although such debt was amply and fully secured. The affidavit of Taylor also contains statements of matters transpiring since the attachment herein was issued, but they are wholly immaterial and foreign to the present inquiry. The important question is whether any grounds for attachment existed at the time the writ was issued, and not since. The affidavit of Taylor, viewed in its most favorable light, fails to show that the debt was fraudulently contracted. Bailor is not charged with misstating a single material fact. Atherton was owing him as he represented. It is true, Bailor agreed to turn over the proceeds of the place to the plaintiff, but that did not constitute a representation of an existing matter or fact, but was merely a promise of the performance of an act in the future, and insufficient whereon to base a charge of fraud. The failure of Bailor to apply the unpaid purchase price of the land on the plaintiff's claim was, at most, a breach of contract, and constituted no ground for the suing of an attachment. The case of *Young v. Cooper*, 12 Neb., 610, cited by plaintiff, is not applicable to the facts before us. There a commission firm in Chicago advanced to the defendant $2,000 on representations of the latter that they had purchased from the former 125 hogs and would have 200 by Saturday night, when, as a matter of fact, those bought had not been purchased for plaintiffs. There was a false representation of a material fact as to the 125 hogs. No significance was placed in that case upon the statement of the number of hogs to be subsequently purchased. In the case at bar the evidence fails to show a single misstatement as to an existing material fact; hence the charge that the debt was fraudulently contracted falls to the ground. The judgment is

AFFIRMED.