**MURNAN v. ISBELL et al.**

No. 18630.   Opinion Filed Oct. 2, 1928.

Rehearing Denied Nov. 20, 1928.

Ben F. Williams, for plaintiff in error.

John E. Luttrell and Hardin Ballard, for defendants in error.

TEEHEE, C. This cause grew out of an attachment proceeding ancillary to a main action on contract in a justice of the peace court between J. H. Isbell & Son, defendant in error, as plaintiff, and one P. A. Roberson, as defendant, in which ancillary action J. C. Murnan, plaintiff in error, intervened as claimant of the property levied on. In that court judgment went against the defendant in the main action, and for the intervener in the ancillary action, from which latter judgment plaintiff appealed to the district court, where the parties here appeared in reverse order as plaintiff and defendant, the defendant in the main action not being a party in that appeal. Further reference to the parties here will be according to their positions in the district court as plaintiff and defendant, respectively.

In the district court the cause proceeded on plaintiff's affidavit in attachment and defendant's interplea. The affidavit was substantially in statutory form, and among other grounds alleged "that said defendant has assigned, removed or disposed of, or is about to dispose of his property, or a part thereof, with the intent to defraud, hinder or delay his creditors," which affidavit was treated as the petition in the case. In the interplea, defendant alleged absolute ownership and possession of the property at the time of levy thereon, and that the defendant in the main action in the justice of the peace court had no interest therein. The interplea was considered as controverted. The cause was heard before a jury, defendant assuming the burden of proof. At the conclusion of defendant's evidence, plaintiff demurred thereto on the ground that the evidence failed to show that "there was not a transfer and sale of the personal property such as was required by statute to validate this transaction as against an attaching creditor." The trial court sustained the demurrer, and rendered judgment of sale of the property in satisfaction of the judgment obtained by the plaintiff against the defendant in the main action in the justice of the peace court. Of the ruling and judgment defendant complains.

It is well settled that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove, and all inferences or conclusions that may be reasonably and logically drawn therefrom, with all evidence favorable to the demurrant eliminated from consideration (Forry v. Brophy, 116 Okla. 99, 243 Pac. 506) ; and that in such case, if there be a state of facts thereby established sufficient to sustain a favorable verdict for the demurree, it is error for the court to sustain the demurrer. Western Supply Co. v. Oil Country Drilling Co., 97 Okla. 188, 223 Pac. 399.

The salient facts admitted by the demurrer are substantially as follows : Defendant had known P. A. Roberson, the defendant in the main action in the justice of the peace court, about six years prior to the purchase of the property in controversy, this being a Ford truck. Roberson with his family moved from near Antlers, Okla., and arrived at defendant's home on the morning of October 12, 1926, with the truck loaded with furniture. Roberson was without other means, was without employment, and stated to defendant that he was forced to sell the truck or lose it, and offered to sell it to defendant for $75. Defendant purchased the truck on said date of October 12th, and, upon agreeing to do so, drove with Roberson to the town of Noble, about three mi'es distant from his home, in his own car, where his banker prepared a bill of sale, which Roberson then executed. to whom he paid $75 by check. Returning to his home, defendant took possession of the truck and kept the same at

his home that night. Defendant was a farmer with considerable acreage in cotton then ready for harvesting. He employed Roberson to pick cotton, furnishing him a place to live and also furnishing him means of transportation in going to and from his work through the use of the truck, and also another automobile, defendant furnishing the fuel therefor. Plaintiff attached the truck on October 22, 1926, at which time it was in the possession of defendant at his home, and where Roberson was then picking cotton.

The statute relied on by plaintiff provides as follows:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer." Section 6021, C. O. S. 1921.

Under the admitted facts, as noted, and the fair and reasonable inferences to be drawn therefrom, it would appear to be established that there was an immediate delivery of the truck upon purchase thereof by defendant, with an actual and continued change of possession, so that the transfer was unaffected by the statute relied on. The fact that defendant permitted Roberson to use the truck in the prosecution of his employment, was not sufficient to bring the transfer within the terms of the statute. Stevens v. Irwin, 15 Cal. 503. In thus concluding, we, of course, express no opinion upon the weight and credibility of the evidence, as our consideration thereof is limited to the rule of verity when challenged by a demurrer as here. It must follow, therefore, that the trial court erred in its sustention of the demurrer.

Defendant further contends that the court erred in rejecting certain evidence offered by him tending to show the exercise of ownership and control of the property, both prior and subsequent to attachment thereof, of which evidence profert was made. The prior evidence was of a contract by defendant with a business concern which involved the use of the property in controversy. The subsequent evidence was the payment of the license tax on the property by defendant for the year following his purchase. In this class of cases, evidence tending to show the exercise of ownership and control from the time of the alleged purchase to the time of attachment of the property is competent, but such evidence arising subsequent to the time of attachment cannot be considered. Wollner & Lowenstein v. Lehman, Durr & Co., 85 Ala. 274, 4 South. 643; Geneva Nat. Bank v. Bailor, 48 Neb. 866, 67 N. W. 865; Arnold v. Cofer, 135 Ala. 364, 33 South. 539.

For the foregoing reasons, the judgment of the district court is reversed, and the cause remanded, with directions to award a new trial.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.