**WILLAMAN et al. v. CITY OF FAIRVIEW.**

No. 20634.  Opinion Filed May 3, 1932.

Rehearing Denied May 24, 1932.

Shirk, Danner & Phelps, for plaintiffs in error.

John Butler, Simons, McKnight, Simons, Mitchell & McKnight, and P. C. Friesen, for defendant in error.

McNEILL, J. This is an appeal from a judgment rendered by the district court of Major county in favor of the city of Fairview, a municipal corporation, defendant, against Adie Willaman, for herself, Walter Willaman, Alice Willaman, Blue Belle Willaman, Claude Willaman, Francis Willaman, Henry Willaman, George Willaman, and Irene Light, minors, by their next friend and mother, Adie Willaman, on account of the alleged wrongful death of Stanley Willaman, deceased.

Adie Willaman, for herself and aforesaid minors, instituted suit in said court to recover damages in the sum of $39,600 against said municipal corporation. Plaintiffs charge in their petition that said Stanley Willaman, deceased, was employed by said municipal corporation as chief engineer of the electric light and power plant of said city, and that said decedent, through the negligence and carelessness of said defendant, received an electric shock which resulted in his immediate death as a direct and proximate result of the negligence and carelessness of said defendant. Plaintiffs specifically allege that said defendant was negligent in allowing its wooden light poles, conveying a high voltage wire, to become in a dilapidated and defective condition so as to endanger the life and safety of pedestrians and employees; that defendant was negligent in not having the necessary employees and equipment to care for such emergency by having its highly charged electrical lines properly insulated; that said defendant was negligent in allowing the wooden poles carrying the high voltage wires to become in a rotten and deteriorated condition so as to break or dislodge the electric wires thereon, causing them to fall upon the ground and sidewalk, thereby endangering the life and property of employees and citizens in close proximity thereof. There are other allegations immaterial to the consideration of the question of the actionable or primary negligence of the defendant. The defendant filed a general denial, and further answered that if said Stanley Willaman was killed as charged in plaintiffs' petition, said death was solely the result of the negligence and carelessness of said deceased, in that he had failed to use the usual and ordinary care in handling the loose electric line, and that said death was wholly the result of the negligence and carelessness of said deceased, in that he was acting outside the scope of his authority.

A reply was filed which set forth that, at the time of the accident which resulted in the death of said Stanley Willaman, said city of Fairview made no provisions equal to or better than that given under the terms of the provisions of the Workmen's Compensation Law; that said defendant failed to comply with the provisions of said Workmen's Compensation Law; that by reason of such failure and neglect and omission on the part of the defendant to do the things required by it under the Workmen's Compensation Law, the defendant was denied the right to plead or prove as a defense that the injury resulting in the death

of said Stanley Willaman was caused by the negligence of fellow servants, or that the deceased employee assumed the risk of his employment, or that the injury resulting in the death was due to his contributory negligence.

Thereafter the defendant filed its motion to strike the reply of the plaintiffs from the files, setting forth therein that said reply seeks to deprive the defendant of certain defenses set forth and pleaded in its answer, to wit: Negligence of fellow servants, assumption of risk, and contributory negligence. Also, that the defendant relied on section 6, art. 23, of the Constitution of the state of Oklahoma, which provided that the defense of contributory negligence or assumption of risk shall in all cases whatsoever be a question of fact and shall at all times be left to the jury, and to deprive the defendant of such defense would be a violation of the constitutional rights of said defendant. The plaintiffs also set forth in said reply that neither the Workmen's Compensation Law nor any part thereof has any application where the injury to a servant resulted in his death as provided by section 7338, C. O. S. 1921. The trial court sustained the motion to strike, over the objection of the plaintiffs.

The case came on for trial before a court and jury. The plaintiffs introduced their evidence and rested. Thereupon the defendant interposed a demurrer to the evidence, which was sustained by the court and judgment rendered in favor of the defendant against the plaintiffs. It is from this judgment that the plaintiffs have appealed.

This action was properly triable in the district court. The major question involved is whether or not the trial court erred in sustaining the demurrer of the defendant to the evidence of the plaintiffs. If there was any actionable or primary negligence proven, the plaintiffs are entitled to have this case reversed. The doctrine of res ipsa loquitur has no application in this case. The fact that Stanley Willaman lost his life while in the performance of his work for his master, the city of Fairview, is not sufficient to justify any act of negligence on the part of the defendant. It was incumbent upon the plaintiff to show that the defendant breached some duty it owed to the deceased. In the instant case no one saw how this unfortunate accident occurred. The deceased was the chief engineer of the electric light plant of said city,

and it is patent that he was familiar with the regulations of said plant and fully appreciated the danger of grounded live wires. During the evening of the day of this tragedy, the decedent left his work about 7 o'clock p. m., and turned the operation of his plant over to his assistant, Curt Harter. A telephone communication was received at the plant that a high voltage wire was down near the grade school of the city. Efforts were made to get in touch with the general superintendent of the plant by telephone, and after failing in this the assistant attempted to communicate with the electrician. This also failed. The assistant engineer was also called, but he refused to give assistance, and finally the decedent, the chief engineer, was informed of the telephone communication in reference to the grounded wire and of the efforts sought to get others to repair the line. The decedent thereafter informed the assistant electrician in charge of the plant that he would go to see about this wire. The assistant electrician testified that he inquired of the deceased, "If he wanted him to kill the line or not," and that the deceased replied: "No, to let it on. He would go out and see if it was a hot one and if it was a hot one he would call him up." From this record, the decedent was experienced in this line of work and was fully cognizant that some of the wires were carrying about 2,300 volts. The deceased did not stand in the same position as the ordinary person using the streets and sidewalks of said city. Under this record he knew the current was on, that the wire was charged and fraught with all the dangers lurking therefrom under such circumstances. It was not necessary for the city to advise him further in reference to the dangers which might be encountered by coming in contact with such a wire. It is immaterial that the poles may have become rotten, or that the wires had fallen as the result of the storm which had passed over the city that evening.

There is no allegation of negligence that the defendant owed the deceased the duty to cut off the current until the deceased had fixed or repaired the line. No proof is offered on this question. On the contrary the evidence is that the deceased requested the assistant electrician in charge of the plant to keep the current on. If the defendant breached any duty that it owed to the deceased, and as a direct and proximate result thereof the decedent was injured, the defendant stands liable for dam-

242

ages resulting therefrom. The facts apparently surrounding the death of decedent are not in conflict. The immediate death of deceased is attempted to be shown by circumstantial evidence. The decedent was found lying on the ground holding a wire with a piece of cloth which was smoking at the time he was discovered. It cannot be inferred that the decedent did not realize the danger incident to seizing a wire of this character and fully appreciate the hazards resulting therefrom. The city could not have advised the decedent more fully on this question. The decedent had all the information surrounding such circumstances that the master was possessed of. In all cases there must be a causal connection between the negligence pleaded and the injury received before there can be a recovery, and that such negligence was the proximate cause of the injury. O'Neil v. Vie, 94 Okla. 68, 220 P. 853; Clinton & O. W. Ry. Co. v. Dunlap, 56 Okla. 755, 156 P. 654. See, also, A., T. & S. F. Ry. Co. v. Saxon, 52 S. Ct. 229, 76 L. Ed. ___, Supreme Court of the United States, delivered by Mr. Justice McReynolds, on Feb. 15, 1932; Atlantic Coast Line Railroad Co. v. Temple, 52 S. Ct. 334, 76 L. Ed. ___, Supreme Court of the United States, delivered by Mr. Chief Justice Hughes on March 14, 1932.

This court, in the case of Hepner v. Quapaw Gas Co., 92 Okla. 9, 217 P. 438, said:

"As a general rule the proximate cause of an injury in negligence cases is a question of fact for determination by the jury, but this general rule has its exception. Where all of the evidence favorable to plaintiff, together with all inferences and conclusions to be reasonably drawn therefrom, is insufficient to point out clearly a causal connection between the alleged negligence of defendant and plaintiff's injury, and where no element of willful or intentional wrong is present, it becomes a matter of law for determination by the court whether a verdict necessarily finding the alleged negligence to be the proximate cause of the injury finds sufficient support in the evidence, because it is an established rule in this state that a verdict based on speculation and conjecture will not be permitted to stand."

The plaintiff in proving negligence against the master must establish the following:

"(1) The existence of a duty on the part of the master to protect the servant; (2) the failure of the master to perform that duty; (3) injury to the servant approximately resulting from such failure. * * * When these elements are brought together they unitedly constitute actionable negligence, and the absence of any one of these elements renders the complaint bad, or the evidence insufficient. * * *" St. Louis & San Francisco Ry. Co. v. Snowden, 48 Okla. 115, 149 P. 1083.

This rule has been repeatedly followed by this court.

When a plaintiff pleads a cause for actionable negligence, it is necessary to establish the foregoing elements. The defendant, without regard to the plea of contributory negligence, may establish any fact whether pleaded or not under a general denial, as to whether the negligence charged by the plaintiff is the direct or proximate cause of the injury. If the negligence charged in the petition is not established, the plaintiff cannot prevail.

In the case of Brkljaca v. Ross, 213 P. 290, the Supreme Court of California in the syllabus said:

"A plea denying any negligence on the part of defendant and alleging that plaintiff's negligence was the sole cause of his injury is sufficient, though it is not a plea of contributory negligence by way of confession and avoidance"

—and in the body of the opinion the court said:

"The defendant, however, does affirmatively plead that the collision was solely and proximately caused by the plaintiff's negligence and without any fault on the defendant's part. This was a sufficient plea to put in issue the plaintiff's negligence, as the sole cause of the accident from which his injuries arose."

From a careful review of the entire record, we fail to find any evidence of actionable primary negligence on the part of the defendant. A discussion of other assignments of error becomes immaterial.

The judgment of the trial court is affirmed.

LESTER, C. J., and CULLISON, ANDREWS, and KORNEGAY, JJ., concur. SWINDALL, J., not participating. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1) 59 A. L. R. 1263; 20 R. C. L. 10, 11; R. C. L. Perm. Supp. p. 4802; R. C. L. Pocket Part, title Negligence, § 7.