### STEPHAN v. APARTMENT HOTELS, Inc.

No. 27759.   March 1, 1938.

Rehearing Denied March 22, 1938.

Ladner, Logsdon & Livingston. for plaintiff in error.

Hudson & Hudson, for defendant in error.

GIBSON, J. This appeal is brought here from the district court of Tulsa county by the plaintiff below from a judgment in a personal injury action rendered for defendant upon demurrer to plaintiff's evidence. The parties in error are referred to in the order of their appearance at the trial.

At the time of plaintiff's injury she was employed as a maid or janitress by defendant in its hotel at Tulsa. Her work was confined to the first and second floors of the building and consisted of general household cleaning. The equipment assigned to her for use in performing her duties consisted of a vacuum cleaner, a water bucket, and a basket of miscellaneous supplies. There were other maids employed in a like service on other floors of the building. These maids, including plaintiff, transported themselves with their equipment from floor to floor by means of an electrically controlled elevator operated by a system of push buttons, and of the type often found in apartment hotels for the accommodation of the tenants. However, the elevator in the instant case was not used by guests or tenants, but was maintained for the exclusive use of the employees, and for others delivering articles to the tenants of the apartments. The injury occurred when plaintiff was attempting to use this elevator in the course of her employment.

Plaintiff had found the elevator in use by a negro boy, an employee of the owner and operator of a restaurant located in the same building. In compliance with plaintiff's signal, the boy stopped the elevator to allow plaintiff to place therein her vacuum cleaner and the other articles above mentioned. While the plaintiff was so engaged the sliding door which separates the corridor from the elevator and the shaft closed upon her, causing the injury complained of.

The elevator door could be opened only by manual effort, but would close automatically, or by its own weight, when released. The negro boy had attempted to hold the door open with his foot while plaintiff was loading her equipment, but for some unexplained reason he withdrew his foot and allowed the door to slide against plaintiff.

Plaintiff based her cause of action upon the theory that the defendant, as employer, was guilty of negligence by reason of its failure to provide plaintiff with reasonably safe appliances or with a competent assistant in the performance of her duties. In

this respect it is charged that the defendant should have furnished a device for holding the elevator door open, or should have provided another employee to operate the elevator. or an assistant to aid plaintiff in loading and unloading the equipment; that its failure to perform such duty constituted negligence of which her injury was the proximate result.

Aside from the question of assumption of risk, it is the employer's duty to furnish his employee with a reasonably safe place to work and with reasonably safe appliances with which to perform his duties (Singer Sewing Mch. Co. v. Odom, 172 Okla. 411, 45 P.2d 473) ; and the employer in the performance of the aforesaid duties is charged with the exercise of reasonable care; he is not an insurer of his servant's safety. Midland Valley Ry. Co. v. Graney, 77 Okla. 54, 185 P. 1088. No presumption of negligence on the part of the employer arises from the mere fact of injury; the burden is upon the employee to establish the existence of the employer's duty, the failure to perform the same, and that the injury was the proximate result thereof. Willaman v. City of Fairview, 157 Okla. 239, 11 P.2d 453.

The trial court held to the opinion that the plaintiff had failed to produce sufficient evidence to support a verdict in her favor. If the evidence produced, together with all inferences and conclusions to be reasonably and logically drawn therefrom by the jury, in event of submission of the cause, failed to establish negligence on the part of defendant and that plaintiff's injury proximately resulted therefrom, the decision of the trial court on demurrer to the evidence was without error. Murnan v. Isbell, 133 Okla. 160, 271 P. 649. It was the duty of the court to determine that question as one of law.

The evidence, in addition to the facts above related, showed that the elevator and its manner of maintenance and operation were not in conflict with the state labor statutes; that the same was equipped with all appliances ordinarily used in connection with that type of elevator; that the manufacturer thereof never supplied devices for holding the shaft door open, and none were in common use. It is shown that workmen, such as transfer men, when using this type of elevator for transporting freight, often improvised a device from wire, wood, or other material for holding the door open while heavy objects were being placed in or removed from the elevator. There is no evidence of a custom on the part of employers to furnish such devices for the operation of elevators of the type here considered. There is evidence of a custom to use such devices for holding open the doors of freight elevators, but the elevator here in question was not of that class. It was of the type used for carrying passengers and had been given over to the use of the employees. Although used at times for conveying freight, it was not the ordinary freight elevator.

There is no evidence that the shaft door was out of repair; no evidence that the plaintiff was unskilled in the operation thereof, and no evidence that the same presented a dangerous or unsafe situation beyond the contemplation of the plaintiff. The elevator was an ordinary device easily and conveniently operated by one person, was in perfect repair, of common use, and suitable to the purposes for which it was employed. The plaintiff had operated it in the same employment for approximately 18 months. She was experienced in that employment and remained uninjured until, upon her own initiative, she called in a stranger to aid her, not because the task was hazardous, but because of the convenience of the moment. There is no evidence that her present task was more than she could perform in the usual manner with the appliances furnished by defendant.

There is no evidence to indicate that the defendant failed to provide plaintiff with a reasonably safe place to work and with reasonably safe tools and appliances. The jury was left without facts showing variable duties of defendant toward plaintiff which it failed to perform. The evidence showed that the appliances furnished plaintiff were customary and proper; no other method for the performance of like work was shown to be in general use in the city of Tulsa. Had the question of negligence been submitted to the jury, it would have had no opportunity to compare variable means by which the defendant may have protected the plaintiff. Where the duty of the master is variable and shifts with the circumstances of the case, negligence is usually a question for the jury to determine by a comparison of the means and methods used with other means and methods that may have reasonably been employed by the master. Interstate Compress Co. v. Arthur, 53 Okla. 212, 155 P. 861. There the court held :

"What is or is not negligence is ordinarily a question for the jury and not the court. Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case. it is incapable of being determined as a matter of law, and, where there is sufficient evidence, must be

submitted to the jury to determine what it is and whether it has been complied with."

Here the evidence showed that the standard of duty was fixed by usage and custom. There was no evidence of a usage in the particular kind ·of employment other than that observed and complied with by the defendant.

We therefore hold that in an action of this character, where plaintiff's evidence shows that the standard of duty of an employer toward his employee with reference 'to safe place to work, safe tools and appliances is fixed ·by law, custom, or usage, and that such duty has been performed, the evidence is insufficient to support a finding of negligence, and demurrer to the evidence should be sustained.

The decisions of this court cited by plaintiff show that the duties of the employer in each case were variable and not fixed by custom or usage, or, if so fixed, the evidence of performance of the duties so. created was conflicting. Chicago, R. I. & P. Ry. Co. v. Ashlock, 36 Okla. 706, 129 P. 726; Sulzberger & Sons Co. v. Hoover, 46 Okla. 792, 149 P. 887; Chicago, R. I. & P. Ry. Co. v. Rogers, 60 Okla. 249, 159 P. 1132; Cosden Pipe Line Co. v. Berry, 87 Okla. 237. 210 P. 141; Beasley v. Bond, 173 Okla. 355, 48 P.2d 299; Highway Construction Co. v. Shue, 173 Okla. 456, 49 P.2d 203; Wright v. Clark, 177 Okla. 628, 61 P.2d 192. They are not in point.

Under the circumstances, it becomes unnecessary to discuss the question of intervening cause arising from the acts of the negro boy.

The judgment is affirmed.

OSBORN, C. J., and PHELPS, CORN. and DAVISON, JJ., concur.