BUELLESFELD v. JONES et al.

No. 29225.   June 25, 1940.

Rehearing Denied Sept. 10, 1940.

*105 P. 2d 242.*

J. M. Springer, of Stillwater, and Ben F. Williams, Homer Cowan, and T. R. Benedum, all of Norman, for plaintiff in error.

Swank & Swank, of Stillwater, for defendants in error.

OSBORN, J. This action was instituted in the district court of Payne county by Emma M. Buellesfeld, hereinafter referred to as plaintiff, against R. C. Jones, R. C. Jones & Company, a corporation, and Blackwell Oil & Gas Company, a corporation, hereinafter referred to as defendants, wherein plaintiff sought damages for conversion of certain stock in the Blackwell Oil & Gas Company. Issues were joined, a jury was empaneled and plaintiff's evidence was presented. The trial court sustained a demurrer to said evidence and entered judgment in favor of defendants, and plaintiff has appealed.

We will state only such facts as are essential to a decision of the issues of law.

Prior to October 15, 1929, plaintiff was the owner of 26,700 shares of stock in the Blackwell Oil & Gas Company, represented by two stock certificates. On October 15, 1929, M. E. Buellesfeld, husband of plaintiff, executed to defendant R. C. Jones & Company a promissory collateral form note in the sum of $40,000, which note was a renewal of a former obligation of like amount, and as collateral security pledged and delivered to said defendant 60,000 shares of stock in the Blackwell Oil & Gas Company. Included therein was the stock of plaintiff hereinabove referred to, which had been transferred by endorsement of plaintiff to her husband, the maker of the note. In the light of all the evidence, we conclude that plaintiff gave consent to the pledging of said stock by her husband as collateral security for the indebtedness hereinabove referred to, and that defendants knew of her claim of ownership of the same. The note was due six months from date. M. E. Buellesfeld died on January 5, 1930. A. B. Carpenter, an attorney and son-in-law of plaintiff, was appointed and qualified as administrator of the estate. Defendant filed a claim with said administrator, and on September 5, 1930, the above-mentioned promissory note was allowed and approved by the administrator and the probate court as a valid claim against the estate of the deceased.

It appears that through the period of business depression following the death of M. E. Buellesfeld, the stock of the Blackwell Oil & Gas Company greatly depreciated in value and no effort was made to foreclose the lien until July 8, 1936, at which time the stock had increased in value. Prior to that time there was considerable correspondence between R. C. Jones, as the chief managing officer of R. C. Jones & Company, and A. B. Carpenter, as administrator of the estate of M. E. Buellesfeld, deceased. On July 8, 1936, the following letter was written:

"Mr. A. B. Carpenter

"Administrator of Buellesfeld Estate

"Dear Sir:

"With reference to note of M. E. Buellesfeld dated October 15, 1929, for which claim has been filed with you as administrator beg to inform you as follows:

"I have taken over 60,000 shares of stock assigned as collateral for above note under the terms of the agreement contained in said note.

"The amount of this note and accrued interest at the present time is $52,929.24. If you wish to pay this amount and take up said note and stock you may do so within ten days from this date.

"Yours very truly,

"R. C. Jones & Co., Inc.
"By: R. C. Jones."

In response thereto the following letter was written on July 14, 1936:

"R. C. Jones and Company, Inc.
"Cushing, Oklahoma

"Attention of Mr. R. C. Jones:

"Dear Sir:

"As administrator of the estate of M. E. Buellesfeld, deceased, wish to advise that in accordance with your letter of July the eighth we shall expect you to comply strictly with the letter of the law in your method of foreclosure.

"Your past conduct in connection with this matter has shown me that you don't intend to do as you have agreed all along, and that you may now pretend to appropriate this stock belonging to the estate of M. E. Buellesfeld in satisfaction of the indebtedness and later claim that there is some deficiency.

"I can not acquiesce in your taking the stock, and again insist that if same is converted to the R. C. Jones and Company, that same be done in strict accordance with the requirements of the law in the foreclosure of pledged chattels.

"As to the stock owned by Mrs. Buellesfeld I am going to insist that her attorneys prepare at once to place suit for conversion of her stock by you and your company and the Blackwell Oil and Gas Company.

"If you have anything in connection with this to take up with me you may let me hear from you at once because I am leaving for my vacation on or before the first of August.

"Yours truly,

"A. B. Carpenter."

The manner in which defendant company assumed ownership of the stock herein involved is set out in an amendment to its answer and cross-petition, which is as follows:

"Comes now the defendant, R. C. Jones & Company, incorporated, a corporation, and for its amendment to paragraph 12 of its answer and cross-petition, states and alleges:

"That having advised the said A. B. Carpenter, administrator of the estate of M. E. Buellesfeld, deceased, by letter dated the 8th day of July, 1936, that it was its intention to sell and dispose of said securities under the terms of said note, and that said sale would take place ten (10) days after July 8th, 1936, this defendant did at the office of Blackwell Oil & Gas Company, a corporation, in Cushing, Oklahoma, offer all of said stock for sale and there being no other bidders, the same was bid in by the R. C. Jones & Company, incorporated, a corporation, at and for the sum of $52,320, which was the equivalent of 87.2 cents per share and which sum was at least 20 cents per share above the market value of said stock at that time, and that no other notice was given except as herein specified.

"Wilcox & Swank, Attorneys for the Defendant, R. C. Jones & Company, incorporated, a corporation."

Plaintiff claims that under the undisputed facts hereinabove referred to her stock was unlawfully converted. In the case of Burke v. Tarrant Investment Company, 166 Okla. 179, 26 P. 2d 949, this court was concerned with an issue similar to that presented here. The various statutes and authorities construing the same were therein discussed, and it was held:

"A sale of property, pledged as security for a debt, made without notice to the pledgor and without advertising as required by sections 11706-11717, O. S. 1931, constitutes a conversion of said property."

We deem this authority to be controlling on the question of whether or not there was a conversion of plaintiff's stock by defendant company.

It is urged by defendant that, under the facts in this case, before plaintiff can maintain an action for conversion, she must tender payment of the debt, and numerous authorities are cited in support of the principle. But we here point out that the debt was evidenced by a promissory note which was not signed by the plaintiff. She insists that the debt was not her own, but an obligation of the estate of her husband. We may assume that the stock herein involved was pledged as collateral security for the debt with the knowledge and

full consent of the plaintiff, but it is her position that the stock owned and pledged as collateral security which was owned by her husband and held by defendant company was amply sufficient in value to pay the debt, including all unpaid interest. Plaintiff offered evidence to the effect that the stock was actually worth $2 per share on July 8, 1936. There was other evidence to the contrary, but for the purpose of considering a demurrer to the evidence, it must be eliminated. Brown v. Wrightsman, 175 Okla. 189, 51 P. 2d 761; Murnan v. Isbell, 133 Okla. 160, 271 P. 649. It is noted that the defendant company held 33,000 shares of stock in addition to the stock owned by plaintiff and pledged as security. If said stock was actually worth $2 per share, said stock would have been ample to discharge the obligation in full. It therefore appears that the contentions of defendant with reference to tender are without merit under the facts involved herein.

It is clear that the trial court erred in sustaining a demurrer to the evidence.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BAYLESS, C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and CORN and GIBSON, JJ., absent.