CERES FERTILIZER, INC., A COLORADO CORPORATION, APPELLANT, V.
FRED O. BEEKMAN, APPELLEE.

308 N.W.2d 347

Filed July 10, 1981. No. 43754.

Joseph M. Caffall and Fredrick L. Swartz for appellant.

James G. Sharp of Everson, Noble, Wullschleger, Sutter, Sharp & Korslund for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Ceres Fertilizer, Inc., has appealed from an order and judgment on the mandate of the District Court for Gage County which directed that funds held by the clerk of the District Court be paid to Fred Beekman's assignees. The funds had been held pursuant to an attachment which had been determined to be invalid upon appeal to this court in *Ceres Fertilizer, Inc. v. Beekman*, 205 Neb. 768, 290 N.W.2d 199 (1980). The appellant assigns as error: (1) The trial court's finding that by bringing suit on the note, plaintiff had made an election of remedies and therefore precluded future reliance upon the security agreement; (2) The holding that Ceres had no lien against the funds held by the clerk of the District Court; and (3) The order that those funds be paid to Beekman's assignees.

As was set forth in detail in our previous opinion, Beekman had executed a promissory note in favor of Ceres which was secured by a security agreement and financing statement which recited that it covered certain of Beekman's corn then being stored in Chase County. Ceres commenced its action on the note against Beekman in the District Court for Gage County, and in conjunction with that lawsuit had an attachment issued to Chase County which was levied against the proceeds from the sale of the allegedly secured corn. By order of the District Court for Chase County, those funds were transmitted to the clerk of the District Court for Gage County. Beekman's motion to dissolve the attachment was denied by the District Court for Gage County, and after trial a money judgment was entered against Beekman on the promissory note. On appeal, we found that the attachment was improperly obtained and therefore ordered it dissolved. However, jurisdiction did not depend upon the attachment because of the defendant's general appearance, and following an examination of the record on the merits, we affirmed the money judgment in favor of Ceres.

This court's decision was filed on March 18, 1980, in which we remanded the cause for proceedings con-

sistent with our determination that the attachment placed upon Beekman's property was invalid. On March 21, 1980, Fred Beekman made two assignments. One assignment was to Thomas J. Beekman for 50 percent of all money held by the clerk of the District Court for Gage County which is his property, and the other assignment was to his attorney, Arnold Wullschleger, for the other 50 percent of the money held by the clerk. Both assignments were filed with the clerk of that court on the same date.

The District Court held a hearing on the issues remanded, and entered its order and judgment on the mandate as follows: The judgment against Beekman in favor of Ceres on the promissory note, in the amount of $48,415.60, with interest, was affirmed. The order of attachment was dissolved. The funds held by the clerk of the District Court for Gage County were to be paid as follows: (1) To the United States of America Internal Revenue Service, the sum of $3,774.23, plus interest and penalties; and (2) The remainder of the funds to be paid one-half to Arnold E. Wullshleger and one-half to Thomas J. Beekman, pursuant to the assignments.

The court made the finding that Ceres had no claim to the funds by virtue of the judgment awarded or by virtue of any security agreement executed by Beekman. The court stated that Ceres had elected to sue upon the promissory note in lieu of asserting any rights under the security agreement and, by virtue of said election, Ceres' rights now accrue from that judgment and Ceres may not assert claims under that security agreement. The court further held that Ceres did not have a lien based upon the judgment itself.

The first assignment of error concerns the ruling that plaintiff had made an election of remedies by suing on the note and therefore could not now rely on the security agreement for a first lien. Neb. U.C.C. § 9-501(1) (Reissue 1971) states: "(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this part and except as

limited by subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents the secured party may proceed either as to the documents or as to the goods covered thereby. A secured party in possession has the rights, remedies and duties provided in section 9-207. *The rights and remedies referred to in this subsection are cumulative."* (Emphasis supplied.)

The above section has been consistently interpreted to mean that a creditor may choose to sue on a promissory note and recover judgment on an underlying debt without losing his rights and remedies to recover on the security agreement. *Matter of Hill,* 472 F. Supp. 844 (D. Kan. 1979).

"The recovery of a judgment for a debt, except to the extent that it has been satisfied, does not prevent later proceedings to enforce a mortgage or other lien given to secure its payment. This Court has held that the creditor is not deprived by the judgment of his right to resort to a fund, or to avail himself of a lien or security held for the debt." *Ruidoso State Bank v. Garcia,* 92 N.M. 288, 290, 587 P.2d 435, 437 (1978).

The remedies are cumulative and a creditor need not choose one remedy to the exclusion of the others. "The Code, and pertinent judicial decisions, established that a secured creditors [sic] need not 'elect' his choice of remedies. He may pursue those methods of collection afforded under the Code or through judicial processes otherwise available. Nor by effectuating the latter course of action, does the creditor relinquish any rights obtained by virtue of his security interest." *Bilar, Inc. v. Sherman,* 40 Colo. App. 38, 41, 572 P.2d 489, 491-92 (1977). See, also, *Cracco v. Cox,* 66 App. Div. 2d 447, 414 N.Y.S.2d 404 (1979).

Therefore, by suing on the note and recovering a judgment, Ceres has not foreclosed its rights which arise from the security agreement. The trial court was in

error in holding that the doctrine of election of remedies applies here to preclude claims under any security agreements.

Ceres complains in its second assignment of error of the finding by the trial court that plaintiff had no lien against the funds being held by the court. It seems beyond argument that no lien existed by reason of the money judgment. "All . . . goods and chattels of the debtor, shall be bound [for the satisfaction of a judgment] from the time they shall be seized in execution . . . ." Neb. Rev. Stat. § 25-1504 (Reissue 1979). No execution has as yet been issued.

However, the court in its findings went further and concluded that "plaintiff has no claim . . . by virtue of . . . any security agreement heretofore executed by the defendant . . . ." It is apparent that such a finding was based on the court's theory that Ceres had made an election of remedies which we have already declared to be incorrect.

Neb. U.C.C. § 9-306 (Reissue 1971) provides that in spite of the sale or other disposition by the debtor of the collateral, the security interest may continue in such property and in any identifiable proceeds received by the debtor. It is also true that where funds are obtained by the unauthorized sale of goods subject to a security interest, a transferee of the proceeds of such sale may be liable to the secured party. *Alter v. Bank of Stockham*, 53 Neb. 223, 73 N.W. 667 (1897).

In light of these authorities, the possibility remains that Ceres has a security interest in the funds even though they be the subject of a written assignment. However, that issue was not presented to the court by either the pleadings or the evidence and so remains unresolved.

Under the state of the record now existing, the District Court was correct in directing the return of the funds in the hands of the clerk to the defendant or his assignees. Upon dissolution of an attachment, ordinarily all property attached should be returned to the defend-

452

ant. 7 C.J.S. *Attachment* § 369 (1980). There is no question but that Beekman was the owner of the proceeds of the sale of the corn and Ceres, at most, claimed rights as a secured creditor. "We are still of the opinion that the trial court had no choice but to order the repayment of the proceeds of the attachment sale to the tenant-appellee because at that time and *under the pleadings and evidence in the case* before said court, the tenant was the owner of the crops and the landlord merely a lienholder thereof." (Emphasis supplied.) *Barnes v. Burke*, 47 Ala. App. 253, *opinion denying rehearing* at 263, 253 So. 2d 46, 56 (1970), *cert. granted and aff'd* 287 Ala. 725, 253 So. 2d 56 (1971).

Except to the extent that the District Court was in error in deciding the issue of the efficacy of any lien arising from the security agreement, Ceres' second and third assignments of error are without merit, and the judgment is affirmed.

AFFIRMED AS MODIFIED.